**McGLINCHEY STAFFORD**

ATTORNEYS AT LAW

1275 Pennsylvania Avenue NW, Suite 420
Washington, DC 20004
T (202) 802-9999
F (202) 403-3870

mcglinchey.com

Alabama | New York
California | Ohio
Florida | Tennessee
Louisiana | Texas
Mississippi | Washington, DC

ALFRED D. CARRY
(202) 802-9951
Fax (202) 330-5897
acarry@mcglinchey.com

March 1, 2019

*By CM/ECF Only*
The Honorable Theodore D. Chuang
United States District Judge
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

> RE: *Velma M. Melton v. Select Portfolio Servicing, Inc., et al.*
> Case No.: 8:19-cv-00209-TDC
> **Request for Pre-Motion Conference and Pre-Motion Notice of Defendant Sterling Jewelers Inc.'s Rule 12(b)(2) Motion to Dismiss**

Dear Judge Chuang:

This office represents the defendant Sterling Jewelers Inc. ("Sterling") (incorrectly identified in the complaint as 'Sterling Inc. dba Jared-Galleria of Jewelry') in the above-referenced matter. Pursuant to Part II(A) of the Case Management Order (Dkt. 3), we write to request a pre-motion conference concerning Sterling's intent to file a motion to dismiss. This noticed motion relates to the lack of personal jurisdiction over Sterling under Fed.R.Civ.P. 12(b)(2).

In her complaint, Plaintiff claims Sterling violated the Fair Credit Reporting Act ("FCRA") for inaccurately reporting information to consumer reporting agencies. (Compl. at ¶¶ 42, 49 and 60.) Specifically, she claims Sterling reported that, "Plaintiff had an unpaid charge off balance," when in reality she paid Sterling "directly and settled the account for less than the full balance on or about March 29, 2017." (*Id.*) Putting aside the merits of her claims, the complaint fails to allege facts supporting an exercise of personal jurisdiction by this court over Sterling.

Rule 4 of the Federal Rules of Civil Procedure permits a district court to exercise personal jurisdiction over a nonresident defendant according to the state law where the district court sits. Fed.R.Civ.P. 4(k)(1)(A). To establish personal jurisdiction over a nonresident defendant here, two conditions must be met: (1) the exercise of jurisdiction must be authorized under Maryland's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment. *See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003); *see also Mitrano v. Hawes,* 377 F.3d 402, 406 (4th Cir. 2004). The "authoritative interpretations" of the state's long-arm statute from the Maryland Court of Appeals bind the federal courts. *See Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 61 (4th Cir. 1993). And although Maryland's long-arm statute is "coextensive" with the limits of due process, the Maryland Court of Appeals has held that analysis of the long-arm statute cannot be collapsed into a due process inquiry, but instead must be addressed separately. *Mackey v. Compass Mkrtg., Inc.*, 391 Md. 117, n.6 (2006).

Plaintiff has the burden of proving grounds for personal jurisdiction. *Carefirst*, 334 F.3d at 396. To satisfy the long-arm prong of the personal jurisdiction analysis, "a plaintiff must specifically identify a provision [of the Maryland long-arm statute] that authorizes jurisdiction." *Pharmabiodevice Consulting, LLC v. Evans*, No. GJH-14-00732, 2014 WL 3741692, at *4 (D.Md. July 28, 2014) (Hazel, J.) (citing, *inter alia*, *Ottenheimer Publishers, Inc. v. Playmore, Inc.,* 158 F. Supp. 2d 649, 652 (D. Md. 2001)) (internal quotations and citations omitted) (granting motion to dismiss). Because the pleading standards of *Twombly* and *Iqbal* apply to jurisdictional allegations, "conclusory allegations are not entitled to the presumption of truth." *Haley Paint Co. v. E.I. Dupont De Nemours & Co.*, 775 F.Supp.2d 790, 799 (D.Md. 2011). Rather Plaintiffs must plead specific facts that would raise the court's power to exercise personal jurisdiction "above the speculative level." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

As Plaintiff admits, Sterling is an Ohio-based company (Compl. at ¶ 13) that was incorporated under the laws of the State of Delaware. For personal jurisdiction, she adds that Sterling is "authorized to do business in the State of Maryland," presumably referring to Sterling's retail stores in Maryland. (*Id.*) However, nowhere in her complaint does Plaintiff identify a controlling provision of the Maryland long-arm statute to authorize jurisdiction. Likewise, nowhere does she show the relevant contact, let alone "minimum contacts," with Maryland to give rise to personal jurisdiction. At most, Plaintiff makes the singular assertion that Sterling "is authorized to do business in the State of Maryland." (*Id.*) Threadbare allegations such as this cannot withstand a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, this court "need not accept the legal conclusions drawn from the facts, and . . . need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). For these reasons alone, the complaint against Sterling should be dismissed for lack of jurisdiction.

Yet to be sure, courts recognize two types of personal jurisdiction: "'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S.Ct. 1773, 1779-1780 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846 (2011)). Both are based on the defendant's contacts with the forum state. The primary focus of a federal court's personal jurisdiction inquiry is the defendant's relationship with the forum state. *See Walden v. Fiore*, 134 S.Ct. 1115, 1122 (2014).

Here, general jurisdiction is lacking because Sterling is not a Maryland company, and Plaintiff has not alleged that Sterling has contacts with Maryland that are so continuous and systematic as to render it essentially "at home" in Maryland. Time and again, the Supreme Court has observed that "only a limited set of affiliations with a forum will render a defendant amenable to" general jurisdiction in that State." *Daimler AG v. Bauman*, 134 S.Ct. 746, 760 (2014); *see also BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1558 (2017). In May 2017, the Supreme Court further elaborated that jurisdiction over a corporation outside of its state of incorporation or principal place of business is proper only in an "*exceptional* case." *BNSF*, 137 S.Ct. at 1558 (emphasis mine).

Specific jurisdiction is also lacking because Plaintiff has not alleged that Sterling's supposed injurious conduct occurred in Maryland. In *Bristol-Myers*, the Court held that "to exercise specific jurisdiction over a claim, there must be an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Id*. at 1786 (quoting *Goodyear*, 564 U.S. at 919 (internal quotations omitted)). The *Bristol-Myers* Court rejected

The Honorable Theodore D. Chuang
March 1, 2019
Page 3 of 3

as "loose and spurious" a test purporting to determine specific jurisdiction based on a defendant's unrelated contacts with a forum, as it created a "sliding scale." *Id*. Instead, the Court held that specific jurisdiction requires "a connection between the forum and the specific claims at issue." A defendant's unrelated contacts with a forum are irrelevant, as "continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Id*. (internal quotations and citations omitted); *Osiris Therapeutics, Inc. v. MiMedx Group, Inc.*, No. 1:18-cv-950, 2018 WL 6573099, *4 (D.Md. Dec. 13, 2018) (Blake, J.) (observing that not all of a defendant's contacts with a forum state are relevant to determining whether a plaintiff's claims relate to or arise out of a defendant's contacts; rather there must be an "affiliation between the forum and the underlying controversy"). Instead, specific jurisdiction exists when the litigation arises out of defendant's contacts with the forum state. *KeraLink International, Inc. v. Stradis Healthcare, LLC*, No. 1:18-cv-2013, 2018 WL 6790305 *3 (D.Md. Dec. 26, 2018) (Blake, J.) (citing *Bristol Myers*, 137 S.Ct. at 1781). When no such connection exists, there is no specific jurisdiction regardless of the extent of a "defendant's unconnected activities in the State." *Bristol-Myers*, 137 S.Ct. at 1781.

Here, Plaintiff alleges that Sterling willfully or negligently violated FCRA by reporting the so-called "inaccurate" charge-off representation to consumer reporting agencies, and for failing to "fully and properly investigate" Plaintiff's dispute. (Compl. at ¶ 100.) However, fatal to her assertion of personal jurisdiction is the reality that Plaintiff has not alleged a single fact showing that Sterling committed these supposed willful or negligent acts in Maryland. Indeed, she couldn't as Sterling is headquartered in Ohio, where any such consumer reporting activities or investigations would occur.

None of Sterling's contacts or activities give rise to a basis for general or specific jurisdiction. And the mere presence of Sterling's retail locations in Maryland does not change this analysis, as Sterling's retail activities are entirely unrelated to Plaintiff's credit reporting claims.

For the foregoing reasons, Sterling respectfully requests a pre-motion conference to discuss these matters. Please know that my unavailable days for the next 30 days are March 14, 20, 25, and 29, 2019. I'll otherwise make myself available whenever the court's schedule permits. I look forward to discussing this matter with you. Thank you.

Sincerely,

**McGlinchey Stafford**

/s/Alfred D. Carry
Alfred D. Carry (Bar #20711)
Richik Sarkar (Of counsel)

*Counsel for Defendant Sterling Jewelers Inc.*

cc:  Court Docket
     All counsel of record