IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| VELMA M. MELTON,<br><br>        *Plaintiff*,<br><br>   v.<br><br>SELECT PORTFOLIO SERVICING, INC, *et al.*<br><br>        *Defendants*. | C.A. No. 8:19-cv-209 |

### PRESTIGE FINANCIAL SERVICES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER

Defendant, Prestige Financial Services, Inc. ("Prestige"), by counsel, submits this brief in opposition to Plaintiff's Motion to Amend Scheduling Order to extend all deadlines by 180 days ("Plaintiff's Mot.", ECF No. 49), and in support thereof states as follows:

### INTRODUCTION

Plaintiff moves the Court to extend all deadlines in the Scheduling Order by 180 days after the deadline for amendment has passed and without leave of Court or consent of all parties. Plaintiff seeks to increase the length of the discovery period by 250% as a result of Plaintiff's lack of diligence in prosecuting claims and for the improper purpose of increasing litigation costs of Prestige in hope of forcing settlement by attrition.

Plaintiff seeks six (6) more months of discovery to take fifteen (15) or more "estimated" depositions and to resolve "anticipated" discovery disputes. Plaintiff's Mot. ¶¶ 9-10, ECF No. 49. In support of her Motion, Plaintiff states in a conclusory fashion only that "[c]ertain discovery cannot be obtained without the participation of Sterling" and that

her expert will want to review all discovery in preparing a Rule 26(a)(2) disclosure. *Id.* ¶¶ 1, 3. Plaintiff offers no reasons for filing her Motion to Amend Scheduling Order nine (9) weeks after the deadline and without requesting leave of the Court or providing notice to the parties. Plaintiff has failed to demonstrate "good cause" for seeking to amend the scheduling order after the deadline.

Also, Plaintiff implicitly argues in her motion that the scheduling order should be modified due to the number of party depositions "estimated" by Plaintiff and discovery disputes "anticipated" by Plaintiff. This argument is without merit. No parties have been added to this lawsuit after the filing of the initial Complaint. Plaintiff knew multiple depositions would be necessary, and discovery disputes were possible, when filing her Complaint in January, 2019. To date, Plaintiff has not noticed a single deposition or reached out to counsel to clear dates for depositions. Plaintiff's lack of diligence has delayed discovery, not the number of persons expected to be deposed.

This is a straight-forward case. Plaintiff's allegations of liability against Prestige, as asserted in all three versions of her Complaint, relate to Equifax's reporting of a duplicate tradeline allegedly furnished by Prestige. Uncontroverted evidence has been provided to Plaintiff's counsel supporting Prestige's defense of non-liability for the duplicate tradeline in the Equifax credit report. In addition, Plaintiff has settled claims with Equifax for the duplicate tradeline in the Equifax credit report and should voluntarily dismiss Prestige from this lawsuit. Instead, Plaintiff would have the Court extend all deadlines in the Scheduling Order to impose protracted discovery on Prestige notwithstanding Plaintiff's claims against Prestige are ripe for summary judgment. Plaintiff seeks to expand discovery and to needlessly increase Prestige's litigation costs in an attempt to force

settlement by attrition. Plaintiff's Motion to Amend Scheduling Order should be denied.

## STATEMENT OF RELEVANT FACTS

On January 22, 2019, Plaintiff, through counsel, filed a complaint alleging that Prestige is liable to her for furnishing "inaccurate" information to Equifax in the form of a "duplicate" tradeline, and for continuing to report a duplicate tradeline to Equifax, in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1981 *et seq*. ("FCRA"). Complaint ¶¶ 53, 57, 101, ECF No. 1. Plaintiff also alleged in the initial Complaint that Equifax is liable to her for the reporting of a duplicate Prestige tradeline for Plaintiff. *Id*. ¶¶ 53-56. Plaintiff re-pled these allegations in her Amended Complaint and Second Amended Complaint. *See* Am. Compl. ¶¶ 53-57, ¶ 101, ECF No. 27; Second Am. Compl. ¶¶ 54-57, ¶ 105, ECF No. 47.

On March 1, 2019, Sterling Jewelers, Inc., dba Jared-Galleria of Jewelry ("Sterling") filed a Notice of Intent to file a Rule 12(b)(2) motion to dismiss (ECF No. 17), putting Plaintiff on notice that discovery would be stayed as to Sterling until the motion was resolved. On April 15, 2019, the Court entered a scheduling order stating in part that:

> Discovery shall commence as to all parties upon the issuance of this Order, with the exception of Sterling, Inc., whose Motion to Dismiss remains pending.

Scheduling Order at 1, ECF No. 36. The Scheduling Order noted the deadline of April 24, 2019 to request modification of the initial scheduling order and further stated, "Thereafter, **the schedule will not be changed except for good cause**." (emphasis in original). *Id*. at 1-2. The Order also provides that

> . . . Requests to modify the Scheduling Order must be accompanied by proposed new deadlines . . .; a comparison of the proposed new deadlines . . .; and an explanation of why the modification is needed.

3

Scheduling Order, ECF No. 36 at 2-3 (emphasis in original).

On May 31, 2019, Plaintiff filed a Notice of Intent to Amend Complaint (ECF No. 43) without conferring with or providing counsel for defendants a copy of the proposed Second Amended Complaint. On June 17, 2019, the Court ordered Plaintiff to share a copy of the proposed Second Amended Complaint with counsel for all Defendants and to file a status report by June 21, 2019 if the amendment is unopposed. Order (June 17, 2019), ECF No. 46. The Order also states that

> if the parties [would] seek modification of the Court's Scheduling Order based on the fact that certain discovery cannot be obtained without the participation of Sterling, they should file a Joint Motion for Extension or a Joint Motion to Stay Certain Deadlines by June 21, 2019.

Order (June 17, 2019) at 2, ECF No. 46. The parties have <u>not</u> filed a joint motion to extend or stay certain deadlines. On June 21, 2019, Plaintiff filed the instant motion without notice to the parties or leave of the Court.

## LEGAL STANDARD

A scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ. P. 16(b)(4). "Good cause" requires the party seeking relief to show that the deadlines cannot reasonably be met despite the party's diligence." *Cook v. Howard*, 484 Fed. Appx. 805, 815 (4th Cir. 2012) (citations omitted). The Court focuses on the timeliness of the motion to amend and the reasons for its tardy submission. *Id.* (*quoting Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 373–74 (D. Md. 2002)). This is because "[a] court's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id.* (*quoting Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 376,

4

1999 WL 1219885 (D. Md. 1999) (citation and quotation marks omitted)). Specifically, the Court should consider "[1] the danger of prejudice to the non-moving party, [2] the length of delay and its potential impact on judicial proceedings, [3] the reasons for the delay, and [4] whether the movant acted in good faith." *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768-69 (D. Md. 2010) (*citing Rothenberg v. Marriott Int'l, Inc*. No. CCb-08-173, 2008 WL 687033 at *1 (D. Md. Feb. 29, 2008) (*quoting Pioneer Inv. Serv. Co. v. Brun*swick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

## ARGUMENT

### I. PLAINTIFF FAILS TO DEMONSTRATE "GOOD CAUSE" FOR UNTIMELY FILING A MOTION TO AMEND SCHEDULING ORDER

As a threshold matter, Plaintiff must set forth good reasons for requesting modification of the Scheduling Order after the deadline. Plaintiff, however, offers no explanation whatsoever for the late submission of her Motion.

Plaintiff knew discovery would be stayed as to Sterling well ahead of the deadline to amend scheduling order and agreed to - and did - conduct discovery without Sterling. As of March 1, 2019, Plaintiff knew that Sterling would file a motion to dismiss based on jurisdiction, resulting in a stay of discovery as to Sterling. Notice of Intent, ECF No. 17. Six (6) weeks later, Plaintiff did not object or request a stay when the Court, on April 15, 2019, entered the Scheduling Order commanding all parties, <u>except Sterling</u>, to commence discovery. At that time, Plaintiff agreed to conduct discovery without Sterling. Plaintiff has served written discovery on all Defendants, except Sterling, and has responded to written discovery.

Plaintiff could have moved to modify the Scheduling Order prior to the April 24, 2019 deadline, but chose not to do so with full knowledge that discovery had been stayed

5

as to Sterling. Further, Plaintiff's "estimated" number of party depositions in this matter was reasonably known to Plaintiff prior to the deadline. Plaintiff fails to demonstrate "good cause" for the untimely filing of the motion. Plaintiff has failed to act promptly and with diligence to amend the Scheduling Order. Plaintiff's Motion should be denied. *CBX Techs., Inc. v. GCC Techs., LLC*, CIV. JKB-10-2112, 2012 WL 3038639, at *4 (D. Md. July 24, 2012) (denying motion to amend scheduling order because (i) motion was based on information known to plaintiff before expiration of the deadline and (ii) plaintiff held responsible for its failure to anticipate needs of the case); *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 373–74 (D. Md. 2002) (denying motion to amend scheduling order because plaintiff failed to set forth a reasonable basis for missing the amendment deadline).

## II. PLAINTIFF FAILS TO IDENTIFY DISCOVERY ONLY OBTAINABLE FROM STERLING

In support of the extraordinary request to extend all dates in the Scheduling Order by six (6) months, Plaintiff simply states without explanation that "[c]ertain discovery cannot be obtained without the participation of Sterling." Motion to Amend ¶ 1, ECF No. 49. Plaintiff fails to identify any relevant information only possessed by Sterling. Presumably, defendant credit reporting agencies have relevant information that they provided to and received from Sterling. Plaintiff does not argue otherwise. Also, Plaintiff has produced correspondence and other documents that she sent to and received from Sterling and/or credit reporting agencies relating to her claims against Sterling.

Any discovery obtained from Sterling would be limited due to the narrow claims Plaintiff asserted against Sterling. Plaintiff claims Sterling is liable to her for furnishing "inaccurate" credit information to consumer reporting agencies and for failing to investigate Plaintiff's credit report objections, in violation of the FCRA. Second Am.

6

Compl. ¶ 13a, ECF No. 47. Specifically, Plaintiff claims Sterling furnished inaccurate information to consumer reporting agencies by reporting an unpaid, charge off balance for Plaintiff when Plaintiff had paid Sterling to settle the account for less than full value. *Id*. ¶¶ 42, 50, 62. These claims are narrow and specific to Sterling. Any discovery obtained from Sterling would be limited and of little or no help in prosecuting claims against other defendants.

Sterling does not uniquely possess any specific discovery material needed by Plaintiff to support her claims against other defendants. Plaintiff provides no argument to the contrary. At best, it is unknown to Plaintiff whether information may be in the possession of Sterling. The Court should not extend the Scheduling Order based on unsupported speculation. *See Patel v. United of Omaha Life Ins. Co.*, CIV.A. DKC 12-0880, 2012 WL 2370129, at *3 (D. Md. June 21, 2012) (denying modification of scheduling order when not known whether extra discovery is necessary). Plaintiff admits in her motion that the purpose in joining all defendants to this action was to reduce the risk of claim preclusion due to applicable statute of limitations. Plaintiff's Mot. ¶ 12, ECF No. 49. Sterling's participation in discovery in unnecessary. Plaintiff's Motion should be denied.

### III.  PLAINTIFF'S CONDUCT HAS CAUSED UNECESSARY DELAY

Plaintiff delayed filing the Second Amended Complaint ("SAC"), which is *not* based on newly discovered evidence. In the SAC, Plaintiff adds factual allegations that non-parties Justice Federal Credit Union, Synchrony Bank/JC Penny, and Capital One Auto Finance furnished inaccurate credit information to credit reporting agencies. Second Am. Compl., ¶¶ 47, 59, 67, ECF No. 47. Plaintiff knew these facts more than two years prior to filing the SAC (*See* **Exhibit 1**, May 16, 2017 letters to credit reporting agencies

disputing credit information reported by Justice Federal Credit Union, Synchrony Bank/JC Penny, and Capital One Auto Finance.). Plaintiff also alleges in the SAC "new" facts purportedly supporting her defamation claims against Sterling and Experian. These "new" facts, however, are based on five (5) dispute letters sent by Plaintiff to Experian and Sterling over a two-year period. *See* Second Am. Compl. ¶¶ 120, 128, ECF No. 47. Plaintiff could have pled these facts and claims in her initial Complaint or in the Amended Complaint, but chose not to do so. Plaintiff has offered no explanation for the delay.

Plaintiff unnecessarily delayed Defendants' consideration of the filing of the proposed Second Amended Complaint by weeks. On May 31, 2019, Plaintiff, through counsel, filed a Notice of Intent to further amend her complaint, but did not provide counsel for Defendants a copy of the proposed Second Amended Complaint. On June 17, 2019, the Court ordered Plaintiff to share a copy of the proposed Second Amended Complaint with counsel for all Defendants so that Defendants could consider the amendment and decide whether they would oppose it. Order (June 17, 2019) at 1, ECF No. 46. Plaintiff's failure to provide counsel for Defendants the draft SAC resulted in an unproductive Case Management Conference and additional delay.

Plaintiff continues to demonstrate a lack of diligence in prosecuting her claims. As stated in her Motion, Plaintiff plans to take fifteen (15) or more party depositions in this case. Motion to Amend ¶ 10, ECF No. 49. Months have passed since commencement of the discovery period, and Plaintiff has not contacted counsel for Defendants to clear possible deposition dates, or circulated a proposed 30(b)(6) topic list for discussion purposes, or served a single notice of deposition. Plaintiff's actions and inaction demonstrate a lack of diligence. "Carelessness is not compatible with a finding of

diligence and offers no reason for a grant of relief." *CBX Techs., Inc*., 2012 WL 3038639, at *4 (*quoting Potomac Elec. Power Co. v. Elec. Motor Supply, Inc*., 190 F.R.D. 372, 375 (D. Md. 1999) (citation omitted)). Plaintiff's Motion should be denied.

### IV.   PRESTIGE WILL BE PREJUDICED IF ALL DEADLINES ARE EXTENDED BY SIX (6) MONTHS

Plaintiff's allegations of liability against Prestige are separate and distinct from Plaintiff's allegations of liability against Sterling (and other Defendants, except Equifax). Plaintiff's admitted strategy of mitigating risk of claim preclusion by bringing one lawsuit comes at the expense of Prestige. Prestige is being forced to defend the narrow claims asserted against it within this complex, seven-party lawsuit in which Plaintiff seeks six-figure damages. Prestige, through counsel, has participated in multiple Case Management Conferences and has engaged in correspondence among all counsel relating to Plaintiff's disputes with others. Prestige has filed multiple Answers to complaints amended by Plaintiff to revise claims asserted against others. Prestige has served and responded to discovery and expects to request leave of the Court to file a dispositive motion after resolving a discovery dispute with Plaintiff.

Plaintiff's request to increase the discovery period set out in the Scheduling Order by six (6) months or 250% will further prejudice Prestige. Prestige and its counsel will have to prepare for and participate in (1) "15 or more" depositions "estimated" by counsel for Plaintiff, (2) the depositions noticed by all Defendants, (3) expert discovery for multiple parties, and (4) related Case Management Conferences and hearings. Prejudice to Prestige is very real and unjustified.

### CONCLUSION

For the reasons given above, Prestige Financial Services, Inc. respectfully asks

the Court to deny Plaintiff's Motion to Amend Scheduling Order, enter the form of Order filed herewith, and grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

／s／
Michael R. Naccarato (Bar No. 29023)
Robert H. Kline (Bar No. 20802)
GORMAN & WILLIAMS
36 S. Charles Street, Suite 900
Baltimore, Maryland  21201
RKline@GW-Law.com
MRNaccarato@GW-Law.com
Telephone: 410-528-0600
Facsimile: 410-528-0602

DATED: July 3, 2019

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Opposition to Plaintiff's Motion to Amend Scheduling Order was electronically filed in this case with the clerk of the court and served on this 3rd day of June, 2019 through the court's CM/ECF system, which will send notification of this filing to all counsel of record.

                                                       /s/
                                    Michael R. Naccarato