**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>UNITED STATES MAGISTRATE JUDGE<br>MDD_TJSchambers@mdd.uscourts.gov | U.S. Courthouse<br>6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>(301) 344-3593 |

July 31, 2019

LETTER TO COUNSEL:

    Re:    *Velma Melton v. Select Portfolio Servicing, Inc., et al.*
               Case No. TDC-19-0209

Dear Counsel:

    Now pending before the Court is Plaintiff's Motion to Amend Scheduling Order ("Motion") (ECF No. 49).[1] Having considered the submissions of the parties (ECF Nos. 49, 51 & 57), I conclude that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, Plaintiff's motion will be granted in part and denied in part.

    The scheduling order governing this case (ECF No. 36) was entered on April 15, 2019. The scheduling order provides that the parties are to complete discovery by August 28, 2019, but that discovery would be stayed with respect to Defendant Sterling, Inc. ("Sterling") until the Court resolves that defendant's motion to dismiss. (*Id.* at 1.) Among other deadlines, the scheduling order set a deadline of April 24, 2019, for requests for modification of the scheduling order and a deadline of June 14, 2019, for Plaintiff's Rule 26(a)(2) expert disclosures. (*Id.* at 2.)

    Plaintiff filed her Motion on June 21, 2019. She seeks to extend all of the deadlines contained in the scheduling order, beginning with Plaintiff's Rule 26(a)(2) disclosures, by 180 days.

    Plaintiff states that she will be unable to file a "meaningful Rule 26(a)(2) expert disclosure" until her expert has reviewed "Defendants' written discovery responses and deposition testimony," especially discovery from Sterling. (ECF No. 49 at 1.) Plaintiff also states that she has struggled to obtain discovery responses from several of the defendants. (*Id.* at 2-3.) In addition, Plaintiff estimates that she may take "3-5 depositions per defendant, totaling over 15" if Sterling's motion to dismiss is denied.[2] (*Id.* at 2.)

    All of the defendants consent to Plaintiff's Motion except Defendant Prestige Financial Services, Inc. ("Prestige"). Prestige argues that Plaintiff's Motion is untimely (because it was filed about nine weeks after the deadline for requests for modification of the scheduling order) and because Plaintiff has not demonstrated good cause to modify the schedule. (ECF No. 51 at 2.) In

---

    [1] On July 26, 2019, Judge Chuang referred this case to me for the resolution of discovery disputes and related scheduling matters. (ECF No. 63.)

    [2] The scheduling order provides that each side is only allotted 25 hours for depositions. Presumably, Plaintiff anticipates taking brief depositions.

addition, Prestige argues that it will suffer prejudice if the Motion is granted because it will increase Prestige's litigation costs related to discovery.

A scheduling order "is the critical path chosen by the trial judge and the parties to fulfill the mandate of Rule 1 in 'secur[ing] the just, speedy, and inexpensive determination of every action.'" *Marcum v. Zimmer*, 163 F.R.D. 250, 253 (S.D.W. Va. 1995); *see also Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 376 (D. Md. 1999) (recognizing that scheduling orders are necessary because district courts labor "under the burden of heavy caseloads and clogged court calendars"). As such, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Edwards v. Edwards*, No. DKC-12-3761, 2014 WL 1573504, at *3 (D. Md. Apr. 18, 2014) ("To reopen discovery, Plaintiff must satisfy the good cause standard of Rule 16(b)(4).") District courts have broad discretion to manage the timing of discovery and the modification of a scheduling order. *Ardrey v. United Parcel Service*, 798 F.2d 679, 682 (4th Cir. 1986); *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 594 (7th Cir. 2012) (observing that "district courts have an interest in keeping litigation moving forward and that maintaining respect for set deadlines is essential to achieving that goal"). In considering whether a movant has shown good cause to reopen discovery, courts look to the moving party's diligence. *See, e.g. Montgomery v. Anne Arundel Cnty., Md.*, 182 F. App'x 156, 162 (4th Cir. 2006) (per curiam). Lack of diligence and carelessness are the "hallmarks of failure to meet the good cause standard." *West Virginia Housing Dev. Fund v. Ocwen Technology Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W. Va. 2001). If the moving party was not diligent, "the inquiry should end." *Marcum*, 163 F.R.D. at 254.

Plaintiff has come exceptionally close to failing to meet the showing necessary for modification of the scheduling order. Plaintiff argues that "Defendants' failure to provide responses to [her] discovery hampers [her] ability to produce her expert report," (ECF No. 57 at 1), but she does not explain why she waited so long to file the Motion (or to seek the Court's leave to file a motion). Had Plaintiff been diligent, she would have paid attention to the deadlines in the scheduling order. She would have noticed (as early as April 15, 2019) that discovery had been stayed with respect to Sterling and realized that her expert would be unable to prepare a report without discovery from Sterling. In addition, Plaintiff would have seen that, given the difficulty she was having obtaining discovery from the defendants, it would be difficult for her to obtain an expert report by June 14, 2019. Had Plaintiff been diligent, she would have realized well before June 14, 2019, that she required an extension of her expert disclosure deadline. But Plaintiff was not diligent. She waited until the eve of the expert disclosure deadline, during the case management conference of June 11, 2019, to bring the issue to the Court's attention.

Plaintiff blames Prestige's counsel for the delay. She states that Prestige's counsel told her that "he had not obtained authority to agree to [a] 180-day extension," but that he would contact her later that day (presumably June 21, 2019) to advise what Prestige would agree to. (ECF No. 57 at 2.) Apparently, Prestige did not contact Plaintiff. Still, this does not explain why Plaintiff waited so long to file her Motion. She should have filed the Motion (or sought leave to file it) before June 2019.

The same goes for Plaintiff's argument that she requires a modification of the scheduling order to conduct discovery on the new allegations and legal theories asserted in the Amended

Complaint. No later than May 31, 2019, when she filed her notice of intent to seek leave to amend the complaint (ECF No. 43), Plaintiff must have known about the new factual allegations she would assert in her Amended Complaint. Because she knew of the new factual allegations before her expert disclosure deadline had passed, she should have sought the Court's leave to modify the scheduling order with respect to expert discovery sooner than she did.

Plaintiff's letter dated May 31, 2019, is relevant to Plaintiff's lack of diligence in another respect. In her letter, Plaintiff states that the scheduling order set a May 31, 2019, deadline for Plaintiff to amend her pleadings. (ECF No. 43 at 1.) But the scheduling order set a deadline of May 30, 2019, for Plaintiff to seek leave to amend her pleadings. (ECF No. 36 at 2.) Plaintiff acknowledged her error during the case management conference held on June 11, 2019. Clearly, the error was not intentional, but it nonetheless highlights Plaintiff's carelessness about the scheduling order's deadlines generally.

In summary, Plaintiff has demonstrated a lack of diligence throughout this case. However, the Court recognizes that the core of Plaintiff's argument—that Plaintiff will be unable to obtain an expert opinion without discovery from Sterling—may have merit. It would likely cause Plaintiff significant prejudice to foreclose expert discovery just because her attorney did not diligently attend to the deadlines in the scheduling order. And the prejudice to the other parties in extending the expert disclosure deadlines is likely minimal.[3] Presumably, since Plaintiff did not produce an expert report, the defendants have not put many resources into expert discovery. The Court also recognizes that all but one of the defendants consent to Plaintiff's Motion.

Accordingly, the Court will stay the expert disclosure deadlines until the Court has ruled on Sterling's motion to dismiss. The parties shall file a joint proposed schedule for expert discovery (and, if the motion to dismiss is denied, other discovery deadlines) within seven days of the Court's ruling on the motion to dismiss. The Court believes that staying expert discovery, rather than setting deadlines that may pass before the Court rules on Sterling's motion to dismiss, makes more sense at this time.

The scheduling order provides a discovery deadline of August 28, 2019, which is less than a month from the date of this Order. In light of Plaintiff's representations regarding the time that "may likely be required to resolve impending discovery disputes," the Court finds that an extension of the discovery deadline by 60 days is warranted. Plaintiff's Motion was filed well in advance of the discovery deadline, and she has provided good cause to extend discovery in general. An extension of 60 days from the current deadline will allow the parties sufficient time to conduct any remaining depositions and resolve any pending discovery disputes. In the Court's view, the claims and defenses in this case are relatively uncomplicated and the parties should be able to complete discovery by October 28, 2019. Further, the parties should use their limited time and resources to complete discovery and endeavor to resolve any future discovery disputes without judicial

---

[3] During the case management conference held on June 11, 2019, the Court inquired whether the defendants thought there was "a need to hold to [Plaintiff's expert disclosure deadline] at this point, based on where we stand right now?" No defendants stated that Plaintiff should be held to that deadline.

involvement. Plaintiff has not demonstrated good cause, however, to extend discovery by more than 60 days.

The following deadlines of the scheduling order are extended:

| | |
|---|---|
| October 4, 2019 | Rule 26(e)(2) supplementation of disclosures and responses |
| October 28, 2019 | Completion of discovery; submission of Post-Discovery Joint Status Report, *see* Part V of ECF No. 36 |
| November 4, 2019 | Requests for admission |
| November 12, 2019 | Notice of Intent to File a Pretrial Dispositive Motion, *see* Case Management Order Part II.A (ECF No. 3) |

As stated above, expert discovery is stayed. If Sterling's motion to dismiss is denied, it may be necessary to further extend the discovery deadline.

The parties are cautioned that the Court expects strict compliance with Local Rules 104.7 and 104.8. Too often, parties in other cases have disregarded these rules. This has led to delay and increased costs for the parties. Fed. R. Civ. P. 1 instructs the Court to apply the rules to "secure the just, speedy, and inexpensive determination of every action and proceeding." Any discovery rulings that the Court makes will be guided by this principle.

For these reasons, Plaintiff's Motion (ECF No. 49) is **GRANTED IN PART** and **DENIED IN PART**. Expert discovery is stayed pending the Court's ruling on Sterling's motion to dismiss. The other deadlines of the scheduling order that are listed above are modified. Plaintiff's Motion is denied in all other respects.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge