IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

VELMA M. MELTON,

        Plaintiff,

vs.

SELECT PORTFOLIO SERVICING, INC., et al.,

        Defendants.

Case No. 8:19-cv-00209-TDC

### CONSENT PROTECTIVE ORDER

This matter is before the Court pursuant to the request of Plaintiff, Defendants Select Portfolio Servicing, Inc. and Trans Union, LLC under Fed. R. Civ. P. 26 for the entry of a protective order. The Court, with the parties' consent and without objection by Defendant Sterling, Inc., as indicated by the signatures of the parties' counsel in the accompanying motion, finds that there is good cause for the entry of a protective order in the following form:

**1. Designating Information as Confidential Information.** Any person who claims an interest in information produced or disclosed in the course of this action, either voluntarily or in response to formal discovery requests, and whether in a document (as the term "document" is defined by Fed. R. Civ. P. 34) or through deposition testimony, and who reasonably and in good faith believes that the information contains sensitive personal information, financial records, trade secrets, other confidential research, development, or commercial information, or personally identifying information, may designate the information "Confidential Information." Information shall only be considered Confidential Information for purposes of this Protective Order if it is designated as Confidential Information in accordance with this Protective Order.

    **a.**     **Documents.** To designate a document as Confidential Information, the designating person must ensure that the term "CONFIDENTIAL" prominently appears on each page of a

document, or those pages or portions of the document intended to be so designated, in a manner which will not interfere with the legibility of the document. Provided, that if a document is produced in its native format and as a result, the term "CONFIDENTIAL" cannot be easily affixed (or cannot be affixed at all) to the document in that format, the designating person may designate the document as CONFIDENTIAL by providing some other reasonable form of notice of the designation at the time the document is produced.

b. **Testimony.** Any person may designate deposition testimony as Confidential Information by either indicating on the record that all or any part of the deposition is subject to the designation or by notifying all parties in writing of the designation within 21 days after the deposition transcript is prepared. Every deposition transcript shall be treated as Confidential Information until at least 21 days after the deposition transcript is prepared.

2. **Non-Disclosure of Confidential Information.** Except as authorized by this Protective Order, by the written consent of the person who produced information in this litigation and properly designated it as Confidential Information, or pursuant to a subsequent Order of this Court, neither information designated as Confidential Information nor the substance, essence, or a summary of the Confidential Information shall be disclosed to any person. Anyone who receives Confidential Information must ensure that the information is stored at a location and in a manner that ensures that access to the information is limited to the persons authorized by this Protective Order to receive it.

3. **Permissible Use of Confidential Information.** Except as otherwise authorized by this Protective Order, Confidential Information may be used only for prosecuting, defending, or attempting to settle this litigation and for no other purpose whatsoever. Any person to whom Confidential Information is disclosed shall not use or disclose the Confidential Information except

as permitted by this Protective Order. Provided, nothing in this Protective Order shall prevent a person who produced Confidential Information in this litigation from using that information however he, she, or it chooses or disclosing that information to whomever he, she, or it chooses.

4. **Permissible Disclosures of Confidential Information.** Confidential Information may be disclosed to only the following persons:

   a. The Court and officials involved in this case, including, but not limited to, court reporters and persons operating video recording equipment at depositions;

   b. The parties' respective in-house and outside counsel, including their partners, associates, paralegals, secretaries, and clerical and support personnel working with or under the supervision of counsel, to the extent reasonably necessary to render professional services in this action;

   c. A party, or an officer, director, partner, associate, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action; and

   d. Subject to the provisions of paragraph 5, The following additional qualified persons:

      i. Experts or consultants, together with their clerical staff, retained by counsel for the parties to assist in the prosecution, defense, or settlement of this action, but in no case shall information be disclosed to any attorney whose office or firm has not entered an appearance in this lawsuit;

      ii. Non-party witnesses, to the extent reasonably necessary to interview or examine such witnesses;

    iii.    Employees of third-party contractors engaged by and working under the supervision of the parties' outside counsel, to the extent reasonably necessary to render professional services in this action;

    iv.    Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

    v.    Any other person to whom the parties all agree in writing the Confidential Information may be disclosed.

5. **Undertaking.** Prior to receiving any Confidential Information, each person described in the provisions of paragraph 4(d) above shall be provided a copy of this Order and shall become subject to the provisions of this Order requiring that the documents and information be held in confidence.

6. **Challenges to Confidential-Information Status.** In the event any party disagrees with the designation of any information as Confidential Information, the party will give written notice of the disagreement to the person who designated the information as Confidential Information. The party and the person who designated the information as Confidential Information will confer in a good faith attempt to resolve their disagreement without Court action. The person objecting to the designation of Confidential Information shall have 21 days from his, her, or its receipt of the notice described in this paragraph to file a motion for protective order pursuant to Fed. R. Civ. P. 26(c). If the person files a Fed. R. Civ. P. 26(c) motion within that time period, then the information shall remain Confidential Information until the Court rules on the motion.

7. **Use of Confidential Information in Court Proceedings.** Before filing any Confidential Information with the Court, or filing any pleadings, motions, or other papers that disclose any Confidential Information, counsel shall confer with the person who designated the

information as Confidential Information (or if the person is represented by counsel, the person's counsel) about how the information should be filed. If the person who designated the information as Confidential Information desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Rules 104.13(c) and 105.11, with notice served upon the designating person. If a person wishes to file materials containing information that he, she, or it designated as Confidential Information, then he, she, or it shall file the materials in accordance with Local Rules 104.13(c) and 105.11, unless he, she, or it no longer wishes to have the information designated as Confidential Information. Information filed under seal in accordance with this paragraph will remain under seal pending the Court's ruling.

8. **Inadvertent Production.** If any person inadvertently produces or discloses information without first designating the information as Confidential Information under this Protective Order, the inadvertent production shall not operate as a waiver of the person's ability to later assert that the inadvertently produced information is in fact protected and should thereafter be treated as such, subject to the provisions of paragraph 6.

9. **Requests from Non-Parties.** Any person receiving Confidential Information who receives a subpoena, request for production, or order issued in any other litigation, proceeding, or investigation that compels disclosure of that Confidential Information must: (a) promptly provide a copy of the subpoena, request, or order to the person who designated the information as Confidential Information, (b) promptly notify in writing the person who caused the subpoena, request, or order to issue in the other litigation, proceeding, or investigation that some or all of the material covered by the subpoena, request, or order is subject to this Protective Order, and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating person whose Confidential Information may be affected. If the designating person makes a timely motion,

objection, or other application for relief from the subpoena, request, or order in the appropriate forum, the person subject to the subpoena, request, or order shall not produce or disclose the requested Confidential Information without consent of the designating person or until ordered to do so by a court of competent jurisdiction.

**10. Unauthorized Disclosure of Confidential Information.** If a person who receives Confidential Information learns that, by inadvertence or otherwise, he, she, or it has disclosed that information in any circumstance not authorized by this Protective Order, he, she, or it must immediately (a) notify the person who produced the information of the unauthorized disclosure, (b) use his, her, or its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom the unauthorized disclosures were made of all of the terms of this Protective Order.

**11. Protection for Non-Parties.** Any non-party to this action from whom discovery is sought may take advantage of the protections of this Protective Order in the same manner as a party to the action.

**12. Modification Permitted.** Nothing in this Protective Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that the party believes is otherwise improper. In particular, nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection for any information, document, or thing as the party may consider appropriate in the circumstances.

**13. Final Disposition.**

    a.    All provisions of this Protective Order restricting the disclosure or use of Confidential Information shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered. Neither the termination

of this action nor the termination of the employment, engagement, or agency of any person who had access to any Confidential Information shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on the use of any Confidential Information disclosed pursuant to this Protective Order.

b. The Clerk of Court shall be permitted to return to counsel or destroy any sealed material at the end of this litigation.

c. Within 45 days of the entry of final judgment or within 45 days of the execution of a settlement agreement resolving this action, all other persons who have received Confidential Information shall return or destroy all materials containing Confidential Information—including, but not limited to, all copies, excerpts, or extracts of the same. In the event materials are destroyed, the recipient of the materials or his, her, or its counsel shall provide a written certification to the person who originally produced or disclosed the Confidential Information certifying that all materials consisting of or containing the Confidential Information have been destroyed.

SO ORDERED, this the 16th day of August, 2019.

_____
Timothy J. Sullivan
United States Magistrate Judge