# UNITED STATES DISTRICT COURT
## *for* THE DISTRICT OF MARYLAND

VELMA M. MELTON

    Plaintiff,

v.                                        Case No. 8:19-cv-00209-TDC

SELECT PORTFOLIO SERVICING, INC. *et al.*,

    Defendants.

## **PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 6(b) and Rule 105.9 of the Rules of the United States District Court for the District of Maryland, Plaintiff Velma Melton hereby moves the Court for an order extending the deadlines for discovery and dispositive motions as amended and set forth its 07/31/19 Order (ECF 66), and respectfully state as follows:

1. Pursuant to the Scheduling Order entered by the Court on April 15, 2019 (ECF 36), discovery was originally set to close on August 28, 2019, and the deadline to submit a notice of intent to file dispositive motions was initially September 1, 2019.

2. On July 31, 2019, the Court entered an Order staying expert discovery and extending the deadlines to complete discovery and submit notice of intents for dispositive motion for October 28, 2019 and November 12, 2019, respectively.

3. Plaintiff seeks a 90-day extension of the discovery deadline to depose individuals located in India that processed Plaintiff's credit disputes. Although Plaintiff propounded discovery requests as to the identity of the individuals that processed his credit disputes back in May 2019, the Defendant just recently informed Plaintiff that the individuals are located in India and cannot be contacted through Defendant.

4. Plaintiff needs *at least* 90-days to figure out how the laws of India and how these individuals can come under the subpoena power of this court or can otherwise be deposed.

5. Additionally, Plaintiff seeks an extension of the discovery deadline to depose Defendant's corporate designee(s). Plaintiff noticed the deposition for Defendant's corporate designee well within the discovery deadline, but three days prior to the deposition, the Defendant unilaterally cancelled the deposition. Although the Defendant offered additional dates for its corporate designee to be deposed, Plaintiff's counsel was already scheduled to be out of the country during that time period. The parties are actively seeking to schedule the deposition, but in additional to finding a suitable date for everyone, the parties have uncertainty as to the topics of the deposition as the Defendant has a pending motion for protective order that has not been ruled on.

6. Plaintiff proposes the following modifications:

    January 28, 2020    Completion of discovery.

    February 4, 2020    Requests for admission

    February 12, 2020    Notice of Intent to File a Pretrial Dispositive Motion.

7. Plaintiff has shown there is good cause for the court to grant the extension. Plaintiff has acted diligently in scheduling of depositions, but due to no fault or control of Plaintiff, she was unable to depose Defendant's corporate designee(s) and individual credit dispute processors. Therefore, Plaintiff has shown good cause for the requested extension. Tawwaab v. Virginia Linen Service, Inc., 729 F.Supp.2d 757, 768 (D. Md. 2010) ("Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order 'may be modified only for good cause and with the judge's consent.' Fed.R.Civ.P. 16(b)(4). Under Rule 16(b), good cause exists where the moving party has diligently made efforts to meet court imposed deadlines. See Rassoull v. Maximus, Inc., 209 F.R.D. 372, 374 (D.Md.2002)); Wonasue v. University of Maryland Alumni Ass'n, 295 F.R.D. 104 (D. Md. 2013) ("[G]ood cause means that scheduling deadlines cannot be met despite a party's diligent efforts.") (citation omitted).

WHEREFORE, the Plaintiff requests that the Scheduling Order be amended to extend the deadline for discovery and dispositive motions. A proposed order is attached.

Respectfully submitted,

  /s/ Kevin Williams
Kevin C. Williams, Esq. Bar No. 18072
The Law Office of Kevin Williams, LLC
8403 Colesville Road, #1100
Silver Spring, MD 20910
Telephone: (301) 399-1700
Facsimile: (240) 252-3036
E-mail: kevin@kwesquire.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served on the following party on the 25th day of October, 2019 via the courts electronic filing system:

Mary S. Diemer
Nelson Mullins Riley and Scarborough LLP
101 Constitution Ave, NW Ste 900
Washington, DC 20001

*Counsel for Defendant Select Portfolio Servicing, Inc.*

  /s/ Kevin Williams
Kevin C. Williams

UNITED STATES DISTRICT COURT
*for* THE DISTRICT OF MARYLAND

VELMA M. MELTON

    Plaintiff,

v.                                      Case No. 8:19-cv-00209-TDC

SELECT PORTFOLIO SERVICING, INC. *et al.*,

    Defendant.

## **[PROPOSED] ORDER**

Upon consideration of Plaintiff Velma M. Melton's Motion to Amend the Scheduling Order, it is this ____ day of _____, _____, hereby:

    ORDERED, that the Motion is GRANTED, and; it is

    FURTHER ORDERED, that the Scheduling Order is hereby amended as follows:

| | |
|---|---|
| January 28, 2020 | Completion of discovery. |
| February 4, 2020 | Requests for admission |
| February 12, 2020 | Notice of Intent to File a Pretrial Dispositive Motion. |

    IT IS SO ORDERED.

Date: _____ ____, _____

                                                                    _____
                                                                    Hon. Theodore D. Chuang
                                                                    United States District Judge