**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE
MDD_TJSchambers@mdd.uscourts.gov

U.S. Courthouse
6500 Cherrywood Lane
Greenbelt, Maryland 20770
(301) 344-3593

October 28, 2019

LETTER TO COUNSEL:

    Re:   *Velma Melton v. Select Portfolio Servicing, Inc., et al.*
           Case No. TDC-19-0209

Dear Counsel:

    Pending before the Court are two motions: Plaintiff Velma Melton's "Amended Motion to Compel Discovery" (ECF No. 82-1) and Defendant Select Portfolio Servicing, Inc.'s ("SPS") Motion for a Protective Order (ECF No. 81). Having considered the submissions of the parties, I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion to Compel will be denied and the Motion for a Protective Order will be granted in part and denied in part.

    Plaintiff asserts two claims against SPS. In Count III, Plaintiff asserts that SPS violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by "continuing to report [a] patently inaccurate . . . representation to Experian and Trans Union," by failing to investigate Plaintiff's dispute of SPS's representations, by failing to accurately respond to Experian and Trans Union's inquiries, and by failing to correct its internal records to prevent the re-reporting of the inaccurate representations concerning Plaintiff. In Count IV, Plaintiff asserts a state law defamation claim against SPS in connection with its statements regarding an open mortgage loan that Plaintiff purportedly had, but which Plaintiff insists had been satisfied and paid in full. As Plaintiff notes in her Motion to Compel, the central issues in this case are the extent to which SPS conducted a reasonable investigation under the Fair Credit Reporting Act of the disputed information, and the extent to which it accurately reported the results of the investigation. (*See* ECF No. 82-1 at 2.) SPS frames the issues as follows: "(1) is [Plaintiff] correct that there was an error? (2) did SPS perform a sufficient investigation? And (3) was the continued reporting of the information false/inaccurate?" (ECF No. 81-1 at 8.)

    In Plaintiff's Motion to Compel, she seeks an order directing SPS to supplement its responses to 35 discovery requests, including interrogatories, document production requests, and requests for admissions. Conversely, in SPS's Motion for a Protective Order, SPS seeks an order limiting the deposition of its Rule 30(b)(6) designee to one day of seven hours. SPS also seeks an order striking 40 topics from Plaintiff's Rule 30(b)(6) deposition notice and directing Plaintiff to eliminate any remaining duplicative topics and document requests from the notice.

    The scope of discovery under Rule 26 is broad. *See Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). A "court *may*, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1) (emphasis added). A court "*must* limit the frequency or extent of discovery" if it finds that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C) (emphasis added).

**I.   Motion to Compel**

As a preliminary matter, the Court notes that it considered the Plaintiff's Motion to Compel (ECF No. 82-1) and SPS's response (ECF No. 82-2) in full. The Court only considered pages 9-28 of Plaintiff's reply (ECF No. 82-3). As filed, Plaintiff's reply is 50 pages long, including 8 pages dedicated to the table of contents and citations. Local Rule 105.3 provides that "[u]nless otherwise ordered by the Court . . . reply memoranda shall not exceed twenty (20) pages." Plaintiff did not obtain leave of Court to file such a lengthy reply brief. As such, the Court has limited its consideration of Plaintiff's reply to the first 20 pages, excluding the table of contents and citations. In the future, counsel should comply with the Court's rule regarding length limitations. The Court notes that even if Plaintiff had sought leave to file a reply in excess of 20 pages, the Court would not have granted the request.

The Court has reviewed SPS's responses to each of Plaintiff's discovery requests. Plaintiff's Motion to Compel will be denied in its entirety. A brief explanation of the Court's reasons is set forth below.

**A.   Interrogatories**

Interrogatory No. 1. SPS's response is sufficient.

Interrogatory No. 2. SPS's designation of responsive documents is sufficient.

Interrogatory No. 3. SPS's designation of responsive documents is sufficient.

Interrogatory No. 4. SPS's designation of responsive documents is sufficient.

Interrogatory No. 5. SPS's objection is sustained. This interrogatory seeks information that is not relevant, even under the broad standard of Rule 26. In the alternative, even if the Court assumes that the information sought is relevant, its production is not proportional to the needs of the case because its production will have no likely benefit and the discovery has no importance to the resolution of the issues in dispute in this case.

Interrogatory No. 6. SPS's response is sufficient.

Interrogatory No. 7. SPS's response is sufficient.

Interrogatory No. 8. SPS's designation of responsive documents is sufficient.

Interrogatory No. 9. SPS's designation of responsive documents is sufficient.

Interrogatory No. 10. SPS's designation of responsive documents is sufficient.

Interrogatory No. 11. SPS's response is sufficient.

Interrogatory No. 12. SPS's response is sufficient.

Interrogatory No. 13. SPS's designation of responsive documents is sufficient.

Interrogatory No. 14. SPS's designation of responsive documents is sufficient.

Interrogatory No. 15. SPS's response is sufficient.

Interrogatory No. 17. SPS's response is sufficient. SPS is nonetheless obligated to supplement its response under Fed. R. Civ. P. 26(e) when necessary.

Interrogatory No. 18. SPS's designation of responsive documents is sufficient.

Interrogatory No. 19. SPS's objection is sustained. This interrogatory seeks information that is not relevant, even under the broad standard of Rule 26. In the alternative, even if the Court assumes that the information sought is relevant, its production is not proportional to the needs of the case because its production will have no likely benefit and the discovery has no importance to the resolution of the issues in dispute in this case.

Interrogatory No. 20. SPS's objection is sustained. This interrogatory seeks information that is not relevant, even under the broad standard of Rule 26. In the alternative, even if the Court assumes that the information sought is relevant, its production is not proportional to the needs of the case because its production will have no likely benefit and the discovery has no importance to the resolution of the issues in dispute in this case.

Interrogatory No. 21. SPS's objection is sustained. This interrogatory seeks information that is not relevant, even under the broad standard of Rule 26. In the alternative, even if the Court

assumes that the information sought is relevant, its production is not proportional to the needs of the case because its production will have no likely benefit and the discovery has no importance to the resolution of the issues in dispute in this case.

Interrogatory No. 22. SPS's response is sufficient. SPS is nonetheless obligated to supplement its response under Fed. R. Civ. P. 26(e) when necessary.

Interrogatory No. 24. SPS's objection is sustained.

The Court also notes that for many of these interrogatories, Plaintiff has included similar topics in her Rule 30(b)(6) deposition notice to SPS. Where permitted, Plaintiff may examine SPS's designee about these topics during the deposition.

### B. Document Production Requests

Document Request No. 5. SPS's objection is sustained. This document request seeks the production of documents that are not relevant, even under the broad standard of Rule 26. In the alternative, even if the Court assumes that the documents sought are relevant, their production would not be proportional to the needs of the case because the production will have no likely benefit and the discovery has no importance to the resolution of the issues in dispute.

Document Request No. 11. SPS's objection is sustained. This document request seeks the production of documents that are not relevant, even under the broad standard of Rule 26. In the alternative, even if the Court assumes that the documents sought are relevant, their production would not be proportional to the needs of the case because the production will have no likely benefit and the discovery has no importance to the resolution of the issues in dispute.

Document Request No. 12. SPS's objection is sustained. This document request seeks the production of documents that are not relevant, even under the broad standard of Rule 26. In the alternative, even if the Court assumes that the documents sought are relevant, their production would not be proportional to the needs of the case because the production will have no likely benefit and the discovery has no importance to the resolution of the issues in dispute.

### C. Requests for Admissions

The Court has reviewed each of Plaintiff's Requests for Admissions and SPS's answers thereto. The Court finds that for each Request for Admission, SPS's answer is sufficient to comply with the dictates of Fed. R. Civ. P. 36(a)(4).

For these reasons, Plaintiff's Motion to Compel (ECF No. 82-1) is **DENIED**.

## II. Motion for a Protective Order

In its Motion for a Protective Order (ECF No. 81), SPS moves for an order limiting the scope and length of the deposition of its Rule 30(b)(6) designee. On August 26, 2019, Plaintiff served a Notice of Rule 30(b)(6) Deposition ("Notice") on SPS. (*See* ECF No. 81-2.) The Notice

directs that SPS produce a corporate designee for a two or three-day deposition in Salt Lake City, Utah. The Notice lists 94 topics on which SPS's designee will be examined. It also requests that SPS's designee bring 18 categories of documents to the deposition. SPS notified Plaintiff of its objection to the deposition on September 18, 2019, and filed the Motion for a Protective Order the following day.[1]

### A. Length of Deposition

SPS seeks an order limiting the deposition to one day of seven hours. (ECF No. 81-1 at 6.) Under Fed. R. Civ. P. 30(d)(1), "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." The Court must allow additional time if it is necessary to "fairly examine the deponent," but only if doing so is consistent with the proportionality rule of Rule 26(b)(1). *Id.* Given the relatively simple nature of this case, the Court finds that the standard deposition of length of one day of seven hours will be sufficient for Plaintiff to fairly examine SPS's designee.

### B. Scope of Deposition

SPS also seeks an order limiting the scope of the deposition. It argues that the Court must limit the scope of the deposition "to matters that are relevant, proportional to the needs of the case, and properly discoverable." (ECF No. 81-1 at 1.) The Court will address each of Plaintiff's proposed topics and document requests below.

#### 1. Deposition Topics

Topics 1-7 are permitted.

Topic 8 is permitted in part. SPS shall not be required to produce a designee to testify about any person's employment or disciplinary file. Otherwise, the topic is permitted.

Topics 9-13 are permitted.

Topic 14 is not permitted. SPS shall not be required to produce a designee to testify about any person's employment or disciplinary file. In addition, the Court finds that this topic is not intelligible.

Topics 15-19 are permitted.

Topic 20 is not permitted. SPS shall not be required to produce a designee to testify about any person's employment or disciplinary file.

Topics 21-25 are permitted.

---

[1] SPS properly moved for a protective order before the date of the deposition.

Topics 26-29 are not permitted. Plaintiff has not established that the likely benefit of these topics outweighs the burden on SPS.

Topics 30 and 31 are permitted given the absence of any objection by SPS.

Topics 32-44 are not permitted. Plaintiff has not established that the likely benefit of these topics outweighs the burden on SPS.

Topics 45-54 are permitted.

Topics 55-56 are not permitted. These topics are too vague, and Plaintiff has not established why the information sought in the topics is relevant, let alone that its likely benefit outweighs the burden on SPS.

Topics 57 and 58 are permitted.

Topic 59 is permitted over SPS's objection. While this information is probably not relevant, the Court believes that the burden on SPS associated with this topic is likely minimal.

Topics 60-64 are permitted.

Topic 65 is not permitted. This topic is too vague. Nonetheless, to the extent that the topic does seek permissible discovery, it is likely covered in one of the dozens of other topics that the Court will allow.

Topics 66-72 are permitted.

Topic 73 is permitted over SPS's objection. If requested to do so, Plaintiff shall clarify the information that will be sought in connection with this topic.

Topic 74 is permitted.

Topics 75 and 76 are not permitted. Plaintiff has not established that this discovery is relevant even under the broad standard of Rule 26.

Topic 77 is permitted.

Topics 78-81 are not permitted. Plaintiff has not established that the likely benefit of these topics outweighs the burden on SPS.

Topics 82 and 83 are permitted.

Topic 84 is not permitted because it is too broad and therefore disproportional to the needs of the case.

Topic 85 is permitted because SPS does not object.

Topics 86-88 are not permitted. This information is not relevant or proportional to the needs of the case.

Topics 89 and 90 are permitted.

Topics 91-94 are not permitted. Plaintiff has not established that the likely benefit of these topics outweighs the burden on SPS.

### 2. Document Requests

Given the Court's rulings on the proper scope of the deposition, the Court finds that the following document requests are no longer appropriate because they call for information that is either irrelevant or disproportional to the needs of the case, or they are duplicative of other requests for the same discovery. SPS's designee is not required to bring the documents sought in requests b, c, f, g, j, k, n, or o of the Notice.

Plaintiff is directed to revise the Notice in accordance with this Order. Plaintiff shall confer with SPS to schedule a date for the deposition. The Court expects that the deposition will occur in the Washington, D.C. metropolitan area, which is where counsel for the parties are located. SPS has indicated its willingness to bring a designee to this area for the deposition. If the parties are unable to agree on a date or place for the deposition, the Court will select a date and order that the deposition occur under its supervision in the United States Courthouse in Greenbelt.

## III. Scheduling Order

Because the deadline for completion of discovery is October 28, 2019, the Court will modify the schedule in this case to allow Plaintiff to take SPS's deposition under Rule 30(b)(6). The parties are granted leave to take SPS's Rule 30(b)6) deposition after the discovery deadline. The deadline for the parties' notice of intent to file a pretrial dispositive motion will be extended by 30 days to December 12, 2019. All other deadlines remain unchanged.

SPS's Motion for a Protective Order (ECF No. 81) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted to the extent that the relief it requests is consistent with this Order. Otherwise, the motion is denied.

Despite the informal nature of this letter, it is an Order of Court and shall be docketed accordingly.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge

7