## UNITED STATES DISTRICT COURT
### *for* THE DISTRICT OF MARYLAND

VELMA M. MELTON

     Plaintiff,

                               Case No. 8:19-cv-00209-TDC

v.

SELECT PORTFOLIO SERVICING, INC. *et al*.,

     Defendants.

### PLAINTIFF VELMA MELTON'S OBJECTIONS TO MAGISTRATE JUDGE SULLIVAN'S 10/28/19 ORDER

Pursuant to Federal Rule of Civil Procedure 72(a), Plaintiff Velma Melton, objects to the Magistrate Judge's Order (ECF Doc. 90) dated 10/28/19. And in support thereof, states as follows:

## I.     INTRODUCTION

Ms. Melton filed suit against Defendant SPS for reporting derogatory and inaccurate credit information and failing to conduct a reasonable investigation of her credit disputes. There is no dispute that the SPS tradeline on Plaintiff's Experian report contained inaccurate information. Specifically, the SPS tradeline reported the debt as past due with an outstanding balance when in the debt had been discharged in bankruptcy and subsequently paid in full. In its Answer to Complaint, the Defendant SPS denied that it reported inaccurate information and asserted an affirmative defense that another entity (i.e. Experian) was responsible for the inaccurate information in the SPS tradeline.

Using the discovery process, Plaintiff has sought to obtain evidence from Defendant regarding the information SPS has furnished. Additionally, Plaintiff has sought evidence on SPS' procedures and prior knowledge of ineffective procedures. Although Plaintiff served discovery seven months ago, SPS has not provided any sworn narrative responses and claims many key interrogatories are premature and SPS is *still* investigating the matter and developing facts.

## II.    STANDARD OF REVIEW

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters, such as discovery orders. Fed.R.Civ.P. 72(a); see 28 U.S.C. § 636(b)(1)(A). As a non-dispositive matter, the review of a magistrate judge's discovery order is governed by the "clearly erroneous" or "contrary to law" standard of review. Id. Thus, only if a magistrate judge's decision is "clearly erroneous or contrary to law" may a district court judge modify or set aside any portion of the decision. Id. § 636(b)(1)(C). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Pursuant to Fed.R.Civ.P 83, this court promulgated D. Md. Local R. 14301.5(a) to supplement the governance of non-dispositive matters that are delegated to Magistrate Judges under 28 U.S.C. § 636(b). See Huggins v. Prince George's County, Md., 750 F.Supp.2d 549, 559 (D. Md. Nov. 9, 2010). The rule reiterates that a District Judge may reconsider, modify, or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. Id. On review, "the court reviews findings of fact for clear error, and conclusions of law de novo." Id. quoting Int'l Ass'n of Machinists & Aero. Workers v. Werner–Matsuda, 390 F.Supp.2d 479, 485–486 (D. Md. 2005). Under the clearly erroneous standard, the reviewing court does not determine if the Magistrate Judge made the best, or even the correct decision, but rather, the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence. Id. citing Berman v. Cong. Towers Ltd. P'ship–Section I, 325 F.Supp.2d 590, 592 (D. Md. 2004). Also see Butts v. United States, 930 F.3d 234, 238 (4th Cir. 2019).

"Clearly erroneous" and "contrary to law" are not synonymous. Bruce v. Hartford, 21 F.Supp.3d 590, 594 (E.D. Va. 2014) (citation omitted). For questions of law "there is no practical difference between review under Rule 72(a)'s contrary to law standard and [a] de novo standard." Id. (citation omitted). The Court will therefore review the factual portions of the Magistrate Judge's

order under the clearly erroneous standard, but will review legal conclusions to determine if they are contrary to law. Id. (citation omitted). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Hairston v. Royal Building Products, Inc., 2019 WL 1546962 (W.D. Va. Apr. 9, 2019) quoting United Marketing Solutions, Inc. v. Fowler, 2011 WL 837112 (E.D. Va. Mar. 2, 2011).

## III. MAGISTRATE JUDGE SULLIVAN'S DENIAL OF PLAINTIFF'S MOTION TO COMPEL WAS CLEARLY ERRONEOUS AND CONTRARY TO LAW.[1]

On October 28, 2019, Magistrate Judge Sullivan denied Plaintiff's Motion to Compel and granted in part and denied in par Defendant's Motion for a Protective Order. See ECF Doc No. 90. In denying Plaintiff's Motion to Compel, Magistrate Judge Sullivan either sustained Defendant's objection(s) or found Defendant's Rule 33(d) response(s) were sufficient with respect to Plaintiff's interrogatories and/or requests for production of documents. Id., Pgs. 2-4. As for Plaintiff's requests for admissions, the Magistrate Judge found Defendant's answers were sufficient to comply with Fed. R. Civ. P. 36(a)(4). Id., Pg. 4. Regarding Defendant's Motion for Protective Order, the Magistrate Judge sustained Defendant's objections to certain deposition topics on the basis that the topics were not relevant or have marginal importance and/or did not outweigh the burden to the Defendant in having to provide testimony on those subjects.

Plaintiff objects to Magistrate Judge Sullivan's denial of her Motion to Compel and granting in part of Defendant's Motion for Protective Order. Specifically, with respect to Plaintiff's interrogatories and requests for documents, Plaintiff requests this court OVERRULE the Magistrate Judge's determination that the objections were sufficient because Defendant's

---

[1] Magistrate Judge Sullivan did not consider pages 21 thru 47 of Plaintiff's Reply brief because Local Rule 105.1 limits a reply brief to 20 pages. However, a motion to compel is governed by Local Rule 104, which is not filed with Clerk. Because a motion to compel and reply are not filed with the Clerk, Local Rule 105's requirements do not govern. See Local Rule 105 (stating that "[a]ny motion … **shall be filed with the Clerk** and be accompanied by a memorandum ….") (emphasis added). Thus, Local Rule 105.3's requirements did not apply to Plaintiff's Reply in Support of her Motion to Compel. But regardless of whether the Magistrate Judge considered pages 21 thru 47 of the Reply, the Plaintiff's Motion to Compel and Defendant's Opposition established that Defendant's objections and Defendant's 33(d) responses were insufficient and inappropriate.

objection were asserted in boilerplate, conclusory manner and Magistrate Judge Sullivan sustained objections as to burden without any evidence in the record to support any burden, let alone an undue burden sufficient to justify denial of relevant discovery. Additionally, Plaintiff requests the court OVERRULE the Magistrate Judge's determination that Defendant's Rule 33(d) designation of responsive documents as sufficient because there is no argument, much less evidence that the documents produced by SPS contained the requested information or that the burden of ascertaining the information from the documents was the same for Plaintiff as for the Defendant.

As for Plaintiff's requests for admissions, the Plaintiff request the court OVERRULE the Magistrate Judge's determination that Defendant SPS' answers satisfied Fed. R. Civ. P. 36(a)(4) because Defendant did not clearly and explicitly deny or admit her requests for admissions. And regarding the Defendant's Motion for Protective Order, the Plaintiff requests the court OVERRULE the Magistrate Judge's determination that deposition topics were not relevant or of marginal importance because the case law establishes that such evidence can strengthen or weaken Plaintiff's case, including but not limited to, her willful claims against SPS.

A.    **SCOPE AND REQUIREMENTS OF DISCOVERY.**

Unless otherwise limited by a court order, parties in civil litigation enjoy broad discovery as detailed in Federal Rule of Civil Procedure 26(b)(1).

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). To be "relevant information," the information sought must be "any matter that bears on, or that *reasonably could lead to other matter that could bear on*, any issues that is

or *may be* in the case." Hickman v. Taylor, 329 U.S. 495, 501 (1947) (emphasis added).[2] Cf. Fed. R. Evid. 401 ("Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."). "[T]he discovery rules are given 'a broad liberal treatment.'" Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc., 967 F.2d 980, 983 (4th Cir. 1992) (quoting Hickman, 329 U.S. at 507).[3]

However, the scope of discovery is not unlimited. "On motion or on its own, the court must limit the frequency or extent of discovery … if it determines that … the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Hickman, at 437 U.S. at 351 quoting Fed.R.Civ.P. 26(b)(2)(C)(iii). The determination of the "scope and conduct of discovery are within the sound discretion of the district court." Lord & Taylor, LLC v. White Flint, L.P., 849 F.3d 567, n. 3 (4th Cir. 2017) (citation omitted).

## 1.    Fed. R. Civ. Proc. Rule 33 – INTERROGATORIES

Federal Rule of Civil Procedure 33 governs interrogatories to parties. Interrogatories may "relate to any matter that may be inquired into under Rule 26(b)." Fed.R.Civ.P. 33(a)(2). Interrogatories must be answered corporate defendant's officer or agent, who must furnish the

---

[2] See Santos v. Crowell, 2016 WL 6068082, *4 (D. Md. Oct. 17, 2016) ("Relevant information encompasses 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting Germain v. Wexford Health Sources, Inc., 2015 WL 7871026 (D. Md. Dec. 2, 2015) (same) (quoting Hickman); Romanyk Consulting Corp. v. EBA Ernest Bland Associates, P.C., 2013 WL 3280030, *3 (D. Md. Jun. 26, 2013) (same) (citing E.E.O. C. v. Freeman, 288 F.R.D. 92, 100 (D. Md. 2012); Carr v. Double T Diner, 272 F.R.D. 431, 433 (2010) (same) (citing Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 199 (N.D. W. Va. 2000) (citing Oppenheimer, 437 U.S. at 350).

[3] In 2015, Federal Rule 26 was amended to remove the "reasonably calculated" language to curtail inappropriate objections. See Mt. Hawley Insurance Company v. Adell Plastics, Inc., 2017 WL 3621184, *2 (D. Md. Aug. 22, 2017) ("Other empty objections make their appearance at various times, including that the information sought 'is not admissible and  not reasonably calculated to lead to  the discovery of admissible evidence,' a 'standard' that, notwithstanding its frequent misuse, was never intended as defining the scope of discovery and, for that reason, has been completely removed from the Federal Rules in the 2015 revisions.").

information available to the party. Id. 33(b)(1). To the extent they are not objected to, each interrogatory must "be answered separately and fully in writing under oath." Id. 33(b)(3). "The party served with an interrogatory may object to the interrogatory if a legitimate basis for doing so exists." Lynn v. Monarch Recovery Management, Inc., 285 F.R.D. 350, 356 (D. Md. 2012) citing Fed.R.Civ.P. 33(b)(4). "If the responding party objects to an interrogatory, the grounds for objecting 'must be stated with specificity.'" Lynn, 285 F.R.D. at 356 quoting Fed.R.Civ.P. 33(b)(4); then citing D. Md. Loc. R. 104.6.

"In other words, objections to interrogatories must be specific, non-boilerplate, and supported by particularized facts where necessary to demonstrate the basis for the objection." Lynn, 285 F.R.D. 356 citing Hall v. Sullivan, 231 F.R.D. 468, 470 (D. Md. 2005) (further citations omitted). "The failure to state with specificity the grounds for an objection may result in waiver of the objection, unless the Court excuses the failure for good cause shown." Lynn, 285 F.R.D. at 356 citing Fed.R.Civ.P. 33(b)(4); then citing Hall, 231 F.R.D. at 474; then citing Victor Stanley, Inc. v. Creative Pipe, Inc., 250 F.R.D. 251, 263–67 (D. Md. 2008). Likewise, General Objection that are prefaced for and incorporated into discovery responses are impermissible as they: (1) provide no guidance to the Court in resolving a discovery dispute; (2) frustrate the purpose of discovery; and (3) fail to comply with the specificity requirements of Fed.R.Civ.P. 33(b) [and] the Court [should] not consider any [such] objections, or Defendant's reliance upon [such] objections, in assessing the interrogatories at issue." Nesselrodte v. Underground Casino & Lounge, LLC, 2012 WL 4378168, *4 (N.D. W. Va. Sept. 25, 2012).

### a. Fed. R. Civ. Proc. Rule 33(d) vs. Narrative Responses.

"Rule 33(d) [prior to 1993, Rule 33(c)] was first enacted in 1970 and amended in 1980. Its primary purpose or result is to shift the time and cost burden, of perusing documents in order to supply answers to discovery requests, from the producing party to the party seeking the information. This rule is both an elective and a self-executing procedure by the party which has

been served with interrogatories." U.S. S.E.C. v. Elfindepan, S.A., 206 F.R.D. 574, 576 (M.D.N.C. 2002) (internal citations omitted). "The Court normally first becomes involved when a party files a motion to compel. At that time, such party must make a prima facie showing that the use of Rule 33(d) is somehow inadequate to the task of answering the discovery, whether because the information is not fully contained in the documents, is too difficult to extract, or other such reasons. The burden then shifts to the producing party to justify use of Rule 33(d) instead of answering the interrogatories." Id. See also Minter v. Wells Fargo Bank, N.A., 286 F.R.D. 273, 277-78 (D. Md. 2012) ("In the Fourth Circuit, district courts have adopted a two-part test when analyzing a Rule 33(d) dispute. First, the moving party on a motion to compel must make a prima facie showing that the use of Rule 33(d) is somehow inadequate to the task of answering discovery. If plaintiff makes such a showing, the burden then shifts to the producing party to justify the use of Rule 33(d) instead of answering the interrogatories.") (internal citations and quotations omitted).

"Once the burden shift to the producing party, that party must make four prerequisite showings." Minter, 286 F.R.D. at 278 (citations omitted). "First, the responding party must affirm that the information sought is available in the specified records. Second, the producing party must specify where the information will be found. Third, the producing party must demonstrate that answering the interrogatory in the more traditional manner…would impose a burden. Finally, the responding party must demonstrate, as the rule requires, that the burden of acquiring or compiling the information is substantially the same for both parties." Id. (internal citations omitted).

Further, "Rule 33(d) was intended to be used in the situation where an interrogatory makes broad inquiries and numerous documents must be consulted to ascertain facts, such as identities, quantities, data, action, tests, results, etc." Elfindepan, 206 F.R.D. at 577. Thus, a Rule 33(d) response is only appropriate when an answer to a request "require[es] compilation or analysis, accomplished as easily by one party as another, or where neither side has clear superiority of knowledge or familiarity with the documents." United Oil Co. v. Parts Assocs., Inc., 227 F.R.D.

404, 419 (D. Md. 2005). Consequently, a Rule 33(d) response is wholly inappropriate when the "interrogator[y] poses questions of fact or mixed questions of fact or law which require the exercise of particular knowledge and judgment on the part of the responding party." Id. at 419. Producing documents in response to such an interrogatory is inappropriate because the "documents themselves rarely, if ever, reveal contentions of fact or law." Elfindepan, 206 F.R.D. at 577. Rather, [a] party reveals its contentions." Id. Stated another way, "Rule 33 is well-suited to reply to inquiries of an intensely objective nature," id., not inquiries seeking subjective knowledge of a party. See Ayers v. Continental Cas. Co., 240 F.R.D. 216, 227-28 (N.D. W. Va. 2007) (interrogatory concerning contentions about adequacy of investigation called for subjective knowledge and therefore, not suitable to Rule 33(d) response).

### 2.    Fed. R. Civ. Proc. Rule 34 – REQUESTS FOR DOCUMENTS.

Federal Rule of Civil Procedure 34(b)(2) provides that a party objecting to a request for production of documents must "state with specificity the grounds for objecting to the request, including the reasons." Fed.R.Civ.P. 34(b)(2)(B). Additionally, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection" and "an objection to part of a request must specify the part and permit inspection of the rest." Id. 34(b)(2)(C). General and/or boilerplate objections are prohibited. See Chavis v. Plumbers & Steamfitters Local 486 Pension Plan, 2019 WL 4879015, *5 (D. Md. Oct. 3, 2019) ("[T]he Court will take this opportunity to remind all litigants practicing before it that general objections, as well as "boilerplate" objections, are highly disfavored.").[4] Failure to particularize objections results in the waiver of those objections. See Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 356 & 364 (D.

---

[4] Hanwha Azdel, Inc. v. C & D Zodiac, Inc., 2013 WL 3660268, *2 (W.D. Va. Jun. 6, 2013) ("Moreover, generalized, boilerplate objections 'are highly disfavored in the Fourth Circuit.' ") (quoting Paulino v. Dollar Gen. Corp., 2013 WL 1773892, at *12 (N.D. W. Va. Apr. 25, 2013) (collecting cases); Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 241 (M.D.N.C. 2010) ("Finally, magistrate judges in at least five district courts in the Fourth Circuit have declared boilerplate objections to discovery requests, including for documents, invalid.")

Md. 2008) ("failure to object with particularity to document production requests waives objection") (citing <u>Hall</u>, 231 F.R.D. at 473-74 (D. Md. 2005)).[5]

"Concluding that documents are relevant, however, does not mean that they automatically are discoverable." <u>Hall</u>, 231 F.R.D. at 472. "Federal Rule of Civil Procedure 26(b)(2)(C) 'cautions that all permissible discovery must be measured against the yardstick of proportionality.' " <u>Lynn</u>, 285 F.R.D. at 355 quoting <u>Victor</u>, 269 F.R.D. at 523. "Under that rule, the court, acting *sua sponte* or at a party's request, "must limit the frequency or extent of discovery" if: (i) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (iii) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." <u>Lynn</u>, 285 F.R.D. 350 quoting Fed.R.Civ.P. 26(b)(2)(C)(i)–(iii).

### 3.   Fed. R. Civ. Proc. Rule 36 – REQUESTS FOR ADMISSIONS.

"Requests for admissions are a discovery device governed by Rule 36 of the Federal Rules of Civil Procedure." <u>Webb v. Green Tree Servicing, LLC</u>, 2013 WL 5442423, *15 (D. Md. Sept. 30, 2013). This Rule "allows any party to serve on another party requests to admit the truth of facts, the application of law to fact, or opinions relating to matters within the scope of discovery." <u>Ball-Rice v. Bd. of Educ. of Prince George's Cty</u>., 2013 WL 2299725, *2 (D. Md. May 24, 2013)(citing Fed.R.Civ.P. 36(a)(1)). The purpose of the Rule is to 'narrow the array of issues

---

[5] The <u>Mancia</u> court further noted: "It would be difficult to dispute the notion that the very act of making such boilerplate objections is *prima facie* evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule 33 and 34 responses must state objections with particularity, on pain of waiver." Mancia, 253 F.R.D. at 359 (citing cases).

before the court, and thus expedite both the discovery process and the resolution of the litigation.'" Id.

Rule 36(a)(1) provides: "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Id. at *5. In responding to a request for admission, "the answering party must either admit the matter requested or, 'if a matter is not admitted, ... specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.'" Webb, 2013 WL 5442423, at *15 (citing Fed.R.Civ.P. 36(a)(4)). Furthermore, this Rule permits "a party to admit a matter in part and deny it in part or plead a lack of knowledge or information under certain circumstances." Id.

Additionally, "Rule 36 allows the requesting party to challenge the sufficiency of an answer to a request for admission by motion." Bullock v. Kraft Foods, Inc., 2011 WL 5101777, *2 (E.D. Va. Oct. 26, 2011) quoting Fed.R.Civ.P. 36(a)(6). "A court may deem a matter admitted when the objecting party's answers are evasive or fail to respond to the substance of the question, and the evidence establishes that the request should have been admitted." U.S. E.E.O.C. v. Baltimore County, 2011 WL 5375044, *2 (D. Md. Nov. 7, 2011) (citing Southern Ry. Co. v. Crosby, 201 F.2d 878, 880–81 (4th Cir. 1953); see Bullock, 2011 WL 5101777 ("On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.") (quoting Fed.R.Civ.P. 36(a)(6)). "Parties may not avoid the failure to deny matters necessarily within their knowledge by giving any such evasive answer ...." and that a denial coupled with a general exception of doubtful import, will constitute an admission." U.S. E.E.O.C., 2011 WL 5375044, at *2 quoting Crosby, 201 F.2d at 880.

**B.      MAGISTRATE JUDGE SULLIVAN'S SPECIFIC DETERMINATIONS.**

Below is a summarization of Plaintiff's interrogatories, Defendant's objections and responses, Magistrate Judge Sullivan's determinations and Plaintiff's argument as to why the Magistrate Judge's determination are clearly erroneous and/or contrary to law.

### INTERROGATORY NO. 1

**INTERROGATORY NO. 1**: State the full names and job titles of all individuals who provided information in answering these Interrogatories, and for each individual, describe the knowledge that he or she possesses.

**SPS' ANSWER NO. 1:** Subject to and without waiving the General Objections, SPS states that these objections and responses to Plaintiff's First Set of Interrogatories were prepared by counsel based on facts assembled and compiled from employees of SPS with knowledge.

**MAGISTRATE'S DETERMINATION**: SPS's response is sufficient.

**REASON(S) TO OVERRULE**: The Magistrate Judge's determination that Defendant SPS' response was sufficient is clearly erroneous and contrary to law for Defendant acknowledged that the responses were derived from "facts assembled and complied from employees of SPS with knowledge" but did not provide any information on those employees. Federal Rule of Civil Procedure 26(a)(1)(A)(i) clearly requires that a party provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." A party responding to an interrogatory "must furnish information that is available to it and that can be given without undue labor and expense." Lynn, 285 F.R.D. at 357 (citation omitted). Because there is no dispute that the requested information is within the scope of discovery permitted by Fed.R.Civ.P. 26(a)(1)(A)(i), and there is no proof of burden, Freeman, 2012 WL 3536752, *5, supra, Magistrate Judge Sullivan's determination that SPS' response was sufficient is clearly erroneous, contrary to law and should be OVERRULED.

**INTERROGATORY NO. 5**

**INTERROGATORY NO. 5**: Describe in full detail your business and/or contractual relationship with each of the CRAs. A complete answer shall include, but not be limited to, identifying any and all terms and conditions concerning the reporting of the debt on each of the CRAs' credit file or report.

**SPS' ANSWER NO. 5:** SPS objects to this interrogatory on the grounds that the request is irrelevant, overly broad, unduly burdensome, intend to harass SPS, and not reasonably calculated to lead to the discovery of admissible evidence.

**MAGISTRATE'S DETERMINATION**: SPS's objection is sustained. This interrogatory seeks information that is not relevant, even under the broad standard of Rule 26. In the alternative, even if the Court assumes that the information sought is relevant, its production is not proportional to the needs of the case because its production will have no likely benefit and the discovery has no importance to the resolution of the issues in dispute in this case.

**REASON(S) TO OVERRULE**: Although the Defendant SPS' asserted boilerplate objections, Magistrate Judge Sullivan sustained SPS' objection. Magistrate Judge Sullivan's determination that SPS' objection should be sustained is contrary to law because this court requires that objections be stated with specificity and particularity. See e.g., Lynn, 285 F.R.D. at 356 ("objections to interrogatories must be specific, non-boilerplate, and supported by particularized facts where necessary to demonstrate the basis for the objection.") (citing cases). Further, the Honorable Judge Chuang issued a directive in this very case that forbid boilerplate objections and required that objections be stated with particularity.

> **Objections Stated with Particularity.** Objections to interrogatories or requests for production must be stated with particularity. Boilerplate objections (*e.g.*, objections without a particularized basis, such as "overbroad, irrelevant, burdensome, not reasonably calculated to identify admissible evidence"), as well as incomplete or evasive answers, will be treated as a failure to answer pursuant to Rule 37(a)(4).

ECF Doc No. 36, p. 4, § IV, ¶ (F)(2)). Moreover, the subscriber agreement between SPS and the credit reporting agency is relevant to this action because, among other things, SPS has asserted that "it provided true and accurate information to the various credit reporting agencies, and as such any damages incurred by the Plaintiff were not caused by any act or omission by SPS." SPS' Answer, Defense 11. And see SPS' Response to Plaintiff's Interrogatory Nos. 17 & 18. The

subscriber agreement, which governs the business relationship between SPS and the credit reporting agencies, certainly "bears on, or [] reasonably could lead to other matter that could bear on, any issues that is or may be in the case." <u>Santos</u>, 2016 WL 6068082, at *4.

### INTERROGATORY NOS. 2-4, 8-10, 13, 14 & 18

Magistrate Judge Sullivan determined that "SPS' designation of responsive documents [wa]s sufficient" for Interrogatories 2, 3, 4, 8, 9, 10, 13 & 14. <u>See</u> ECF Doc No. 90, Pgs. 2-3. This determination was clearly erroneous and contrary to law because the law required that Defendant show that its responses were suitable and appropriate to be answered pursuant to Rule 33(d) and that the document response satisfied the four factors required under Rule 33(d). See <u>Minter</u>, 286 F.R.D. at 278. In her Motion to Compel, Plaintiff challenged SPS' response to the subject interrogatories on the basis that she was unable to derive or ascertain all the information from the documents that were sought in her interrogatories. In turn, SPS was required to show—but made absolutely no attempt, much less a showing—that (1) the information being sought was in the documents that were produced, (2) SPS identified the information in the documents, (3) providing a traditional sworn narrative response would impose a burden, and (4) the burden of acquiring or compiling the information was the same for both parties. See <u>id</u>.

### INTERROGATORY NOS. 6, 7, 11, 12 & 15

Magistrate Judge Sullivan determined that "SPS' response [wa]s sufficient" for Interrogatories 6, 7, 11, 12, 15. <u>See</u> ECF Doc No. 90, Pgs. 2-3. Defendant responded to these interrogatories by asserting general and boilerplate objections, and producing documents pursuant to Rule 33(d). The determination that SPS' boilerplate objections, which are disfavored by this court and prohibited by an Order in this case, and SPS' invocation of Rule 33(d) without demonstrating the documents contained the information and that providing a traditional response was burdensome, is clearly erroneous and contrary to law because and should be OVERRULED.

13

## INTERROGATORY NO. 17

**INTERROGATORY NO. 17**: If you reported any inaccurate, incomplete or unverifiable information by mistake or inadvertently, please identify what information was mistakenly reported and describe the reason the information was mistakenly reported. If you did not make any mistakes and everything you reported was done willfully and intentionally, then state so.

**SPS' ANSWER NO. 17:** SPS objects to this interrogatory on the grounds that it is premature. SPS is still investigating this matter and developing facts. Upon information and belief, SPS accurately reported information to the CRAs up until the time the bankruptcy discharge credit reporting suppression went into place. Following this suppression, SPS was prohibited from providing additional information to the CRAs prior to its removal by the bankruptcy court.

**MAGISTRATE'S DETERMINATION**: SPS's response is sufficient. SPS is nonetheless obligated to supplement its response under Fed. R. Civ. P. 26(e) when necessary.

**REASON(S) TO OVERRULE**: SPS objection that the response is premature is completely meritless. Plaintiff served her interrogatories after the scheduling order was issued in this case. See Md. L.R. 104.4. The interrogatory asked if SPS reported any inaccurate information by mistake or if it made no mistakes. And SPS provided an evasive response that did not answer the request. SPS' claim that it is still investigating the matter after 6 months and discovery closed is not plausible. Therefore, the Magistrate Judge's determination that SPS response is sufficient and that it can supplement its response *when necessary* is clearly erroneous and/or contrary to law.

## INTERROGATORY NO. 19

**INTERROGATORY NO. 19:** Identify every complaint filed with a state agency, federal agency, state court and federal court from January 2014 to present in which the subject of the complaint concerned credit information that you reported to a credit reporting agency. For judicial complaints, include the style of the case, the names of all co-defendants, the court in which the action was brought, the case number, the name of the plaintiff's attorney, the date the case was filed, and the disposition in the case. If a case was appealed, please state the result of the appeal and whether such case was reported, the caption, volume number and page citation of the report. If a case was settled, state the terms of the settlement.

**SPS' ANSWER NO. 19:** SPS objects on the ground that this Interrogatory is not relevant to the allegations at issue in this case. SPS further objects on the grounds that this Interrogatory is overly broad and unduly burdensome in that it seeks "every complaint," and not those limited to circumstances that are similar or related to those alleged in the Amended Complaint. Finally, SPS objects to this Interrogatory on the grounds that it is intended to harass SPS and is thus improper under Rule 26, FRCP.

**MAGISTRATE'S DETERMINATION**: SPS's objection is sustained. This interrogatory seeks information that is not relevant, even under the broad standard of Rule 26. In the alternative, even if the Court assumes that the information sought is relevant, its production is not proportional to the needs of the case because its production will have no likely benefit and the discovery has no importance to the resolution of the issues in dispute in this case.

**REASON(S) TO OVERRULE**: The Magistrate Judge Sullivan's determination that the interrogatory—seeking complaints concerning its credit reporting—is not relevant, is contrary to law. In <u>Dalton v. Capital Assoc. Indus., Inc.</u>, the Fourth Circuit found that the lack of "evidence that other consumers have lodged complaints similar to Dalton's against CAI" was a defense to Plaintiff's willful claims. <u>Dalton</u>, 257 F.3d 409, 418 (4th Cir. 2001). <u>Accord</u> <u>Smith v. LexisNexis Screening Solutions, Inc.</u>, 837 F.3d 604, 611 ("Smith has presented no evidence that anyone had lodged similar complaints against Lexis."). Accordingly, courts in this jurisdiction, as well as others, have found that discovery requests relating to similar complaint–meaning complaints of the same FCRA subsection, i.e. 1681s-2(b)(1)–by *other consumers* is discoverable on willful claims. <u>See</u> <u>e.g.</u>,[6] <u>Clark v. TransUnion, LLC</u>, No. 3:15cv391, ECF Doc No. 132, Pg. 10 (E.D. Va.

---

[6] <u>Taylor v. Corelogic SafeRent, LLC</u>, No. 1:15cv1405, ECF Doc No. 30, Pgs. 37-42 (E.D. Va. Mar. 7, 2016) (ordering Saferent to identify lawsuits filed against it over the past 3 years); <u>James v. Experian Information Solutions, Inc.</u>, 2013 WL 5604291, *1 & 2 (E.D. Va. Oct. 4, 2013) (The court ordered Experian to answer consumer's interrogatory and request for production of documents request Experian to identify and produce any and all complaints, investigations, inquiries, administrative proceedings, and civil actions made or brought against Experian or in which Experian was involved that were instituted by or through the Federal Trade Commission or the Consumer Financial Protection Bureau wherein it was alleged that Experian failed to conduct a proper investigation or reinvestigation with respect to the information.); <u>Tamblay v. Equifax Info. Serv., L.L.C.</u>, 1:14cv130, ECF Doc No. 75 (E.D. Va. Aug. 29, 2014) (Transcript at Pg. 76) (ordering production of other reinvestigation and/or mixed file lawsuits); <u>Lentcher-Dorsey v. Experian</u>, 3:05-cv-00337-JRS, ECF 43 (E.D. Va. Nov. 18, 2005) (against Select Portfolio Servicing) (All lawsuits and state or federal agency actions brought against the CRA involving 1681e or 1681i.); <u>Stewart v. Credit One Bank, N.A.</u>, 2017 WL 3453569, at *4 (D. Kan. Aug. 11, 2017) (ordering defendant to include the case number and jurisdiction to the list of lawsuits filed against it); <u>Bodystun v. U.S. Bank National Association ND</u>, Case No. 3:11-cv-00429-AC, ECF Doc No. 88, Pg. 6 (D. Or. May 31, 2012) ("the court orders production of … any complaint filed against TransUnion involving one or more of the claims asserted by Plaintiff in the present action, which production will be satisfied by production of the actual complaint in each case … for the period from January 1, 2008 to the present[–May 31, 2012]."); <u>Tedrow v. Boeing Employees Credit Union</u>, 315 F.R.D. 358, 360 & 361 (W.D. Wash. 2016) (prior complaints against furnisher based on the same type of conduct discoverable); <u>Montelongo v. TransUnion, L.L.C.</u>, 308 F.R.D. 132, 133-34 (E.D. Pa. 2015) (ordering production of witness to testify regarding the number of mixed file complaints filed against Experian in past 5 years as number of disputes regarding mixed files); <u>Brenner v. Equifax Info. Services, L.L.C.</u>, 2011 WL 13072225 (N.D. Ala. Sept. 30, 2011) ("The court finds that evidence about other lawsuits may be relevant to Plaintiff's effort to show willful conduct and, therefore, disagrees with Equifax that the burden of producing such discovery outweighs the utility Plaintiff may derive from the information."); <u>Wenning v. On-Site Manager, Inc.</u>, 2015 WL 5148753 (S.D.N.Y. Aug. 26, 2015) (ordering production of prior complaints of a similar nature to plaintiff's complaint); <u>Edeh v. Equifax Info. Servs., LLC</u>, 2013 WL 1799006, *1 (D. Minn. Apr. 29, 2013) (complaints against Equifax in past five years alleging it reported an inaccurate balance);

Mar. 1, 2017) (ordering Trans Union to answer question about complaints from other consumers regarding 1681i, 1681e, and 1681g violations over the past 7 years without limitation to geographic location) (citing <u>Dalton</u>, 257 F.3d at 418) ("There is no evidence that *other consumers have lodged complaints similar* to Dalton's against CAI.") (emphasis in <u>Clark</u>); then citing <u>Faile v. Equifax Information Servs., LLC et al.</u>, No. 3:06cv617 (E.D. Va. Mar. 14, 2007) (requiring Equifax to provide a list of complaints for violation 1681i over the past five years and produce a witness to testify about judicial decisions and what Equifax did in response to them). <u>See</u> <u>also</u> <u>United Oil Co. v. Parts Assocs., Inc.</u>, 227 F.R.D. at 410 ("Courts have allowed plaintiffs to introduce evidence of substantially similar occurrences or lawsuits on the issue of notice and causation.") (citations omitted). Thus, prior complaints filed against SPS "bears on, or [] reasonably could lead to other matter that could bear on, any issues that is or may be in the case." <u>Santos</u>, 2016 WL 6068082, at *4. Accordingly, the Magistrate Judge's determination that SPS' objection is sustained because the interrogatory does not seek relevant information, or the information has no importance is clearly erroneous and/or contrary to law.

### INTERROGATORY NO. 20

**INTERROGATORY NO. 20:** Please explain and describe your specific allocation, in percentages and/or dollar amounts, of your resources committed to reinvestigation of consumer disputes concerning inaccurate information being reported to a CRA during the years from 2014 to present.

**SPS' ANSWER NO. 20:** SPS objects to this interrogatory on the grounds that the request is irrelevant, overly broad, unduly burdensome, intend to harass SPS, and not reasonably calculated to lead to the discovery of admissible evidence. SPS reserves the right to supplement its response to this interrogatory.

**MAGISTRATE'S DETERMINATION**: SPS's objection is sustained. This interrogatory seeks information that is not relevant, even under the broad standard of Rule 26. In the alternative, even

---

<u>Menefee v. Choicepoint, Inc.</u>, 2009 WL 174134, at *4 (E.D. Pa. Jan. 26, 2009) (ChoicePoint has agreed to provide Menefee with information concerning all lawsuits against Esteem for the last three years.); <u>Calderon v. Experian Info. Solutions, Inc.</u>, 2012 WL 2449853, at *4 (D. Idaho June 18, 2012) (mag.) ("he Court will order Experian to provide Plaintiff with a list of prior lawsuits, to include the case name, date of filing, jurisdiction, and case number, for the last five years."); <u>Ahern v. Trans Union L.L.C.</u>, 2002 WL 32114492 (D. Conn. Oct. 23, 2002) ("Transunion is ordered to produce all judgments, court opinion and orders, complaints, consent orders, and non-confidential settlement agreements involving itself and identity theft matters that are of public record.").

if the Court assumes that the information sought is relevant, its production is not proportional to the needs of the case because its production will have no likely benefit and the discovery has no importance to the resolution of the issues in dispute in this case.

**REASON(S) TO OVERRULE**: The Magistrate Judge Sullivan's determination that the interrogatory—seeking information on SPS' budget for investigating and processing disputes—is not relevant, is contrary to law. In Johnson v. MBNA Am. Bank, NA, the Fourth Circuit found that "the cost of verifying disputed information [versus] the possible harm to the consumer … [is a factor] in determining whether the steps taken (and not taken) by a creditor in investigating a dispute constitute a reasonable investigation." Johnson, 357 F.3d 426, 432–33 (4th Cir. 2004). See also Seamans v. Temple University, 744 F.3d 853, 868-69 (3d Cir. 2014) (finding a policy of only allocating 5 to 10 minutes for investigation may support a willful violation) (citing Van Veen v. Equifax Info., 844 F.Supp.2d 599, 610 (E.D. Pa. 2012). Cf. Wenning v. On-Site Manager, Inc., 141 F.Supp.3d 256, 257 (S.D.N.Y. 2015) ("Plaintiffs are at liberty to seek to establish, by means of information about On–Site's overall cost structure and profit margins, much the same point they sought to establish by eliciting LexisNexis' pricing—that OnSite had the financial latitude to more rigorously fact-check the consumer reports that they disseminated with respect to plaintiffs."); and see Beck v. Equifax Information Services, LLC, et al., Case No. 1:05-cv-347, Hrg. Part. Tr. Pgs. 34-37 (E.D. Va. Aug. 26, 2005) (acknowledging the relevancy of a CRA's reinvestigation costs).

The interrogatory is plainly relevant for if SPS does not allocate sufficient resources to conduct a "reasonable" investigate of consumer disputes, then that evidence can support a finding that SPS has intentionally and willfully adopted a policy that is inadequate or unreasonable for investigating consumer disputes. See Seamans, 744 F.3d at 868-69, supra. Accordingly, the Magistrate Judge's determination that the interrogatory does not seek relevant information, or the information has no importance is clearly erroneous and/or contrary to law.

**INTERROGATORY NO. 21**

**INTERROGATORY NO. 21:** Please state your net income for the preceding twenty-four (24) quarters.

**SPS' ANSWER NO. 21:** SPS objects to this request on the grounds that the request is irrelevant, overly broad, unduly burdensome, disproportionate to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence. SPS reserves the right to supplement its response to this interrogatory.

**MAGISTRATE'S DETERMINATION**: SPS's objection is sustained. This interrogatory seeks information that is not relevant, even under the broad standard of Rule 26. In the alternative, even if the Court assumes that the information sought is relevant, its production is not proportional to the needs of the case because its production will have no likely benefit and the discovery has no importance to the resolution of the issues in dispute in this case.

**REASON(S) TO OVERRULE**: The Magistrate Judge Sullivan's determination that the interrogatory—requesting SPS' net income—is not relevant, is contrary to law. See Miller v. Equifax Information Services, LLC, 2014 WL 2123560, *10 (D. Or. May 20, 2014) ("Here Equifax's worth is substantial: It has a net operating revenue of close to one billion dollars. A punitive-damages award that is sufficient to "sting" economically … must … [be] high enough to serve as the deterrence intended in FCRA's punitive-damages provision…"). Turnage v. Clarity Services, Inc., 2015 WL 5092695, at *4 (E.D. Va. Jul. 22, 2015) ("[C]ourts have recognized that 'a plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial and without making a prima facie showing that he is entitled to recover such damages.'") (citing U.S. v. Matusoff Rental Co., 204 F.R.D. 396, 399 (S.D. Ohio 2001) ("overwhelming majority of federal courts to have considered the question have concluded that a plaintiff seeking punitive damages is entitled to discovery information relating to the defendant's financial condition in advance of trial and without making a prima facie showing that he is entitled to recover such damages.") (collecting cases).

**INTERROGATORY NO. 22**

**INTERROGATORY NO. 22:** Identify each fact witness or expert witness you believe may have knowledge (including anyone that has formed any opinion or consulted with you about the facts or basis of this lawsuit, or any defense or allegation you have raised in this action) of any of the

facts, events, or matters that are alleged by plaintiff in this action, your answer and/or defense(s) thereto. Please state whether any of the individuals listed have given any statement(s) to you and, if so, please identify the individual giving the statement, identify the individual to whom the statement was given, the date of the statement, and whether or not the statement was written or recorded and, if it was written or recorded, identify the individual presently in possession of it. For each such person identified, please list each and every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or by report furnished to the court or opposing counsel. Please identify the lawsuit by complete caption, court name, case number, and date the affidavit, deposition, trial testimony, or report was made, taken, or occurred.

**SPS' ANSWER NO. 22:**

(a) Velma M. Melton. Ms. Melton is the plaintiff in this action and is expected to have knowledge regarding the facts set forth in the Amended Complaint. SPS is not aware of any statements made Ms. Melton.

(b) Representative(s) of SPS. One or more representatives of SPS are expected to have knowledge regarding Plaintiff's loan account, the voluntary surrender of the home, and the credit reporting concerning that account. SPS is not aware of any written or recorded statements from this witness.

(c) Representative(s) of Equifax. One or more representatives of Equifax are expected to have knowledge regarding information it reported about the subject loan account. SPS is not aware of any written or recorded statements from this witness.

(d) Representative(s) of Experian Information Solutions, Inc. One or more representatives of Experian are expected to have knowledge regarding information it reported about the subject loan account. SPS is not aware of any written or recorded statements from this witness.

(e) Representative(s) of TransUnion LLC. One or more representatives of TransUnion are expected to have knowledge regarding information it reported about the subject loan account. SPS is not aware of any written or recorded statements from this witness.

Subject to and without waiving the General Objections, SPS states that it has not yet identified any expert witnesses, but will identify such witnesses in accordance with the Court's scheduling order.

**MAGISTRATE'S DETERMINATION**: SPS's response is sufficient. SPS is nonetheless obligated to supplement its response under Fed. R. Civ. P. 26(e) when necessary.

**REASON(S) TO OVERRULE**: SPS answered is clearly insufficient under the Rule. While acknowledging that there are "[o]ne or more representatives of SPS [that] are expected to have knowledge regarding Plaintiff's loan account, the voluntary surrender of the home, and the credit reporting concerning that account," SPS has not identified any witnesses. Rule 26(a)(1) requires that SPS provide the name, contact information and the subjects of information of its representatives with knowledge. It should also be noted that although SPS has designated a corporate witness, SPS has not disclosed the identity of this witness.

**INTERROGATORY NO. 24**

**INTERROGATORY NO. 24:** For each factual allegation contained in the Complaint which you do not unequivocally admit, state the detail and particularly the factual basis for your failure to do so, the efforts undertaken by you to ascertain the truth of said allegation, identify all documents related or relevant to said allegation or your basis for not so admitting, and identify all persons with the knowledge of the fact or your basis for not so admitting.

**SPS' ANSWER NO. 24:** SPS objects to this interrogatory on the grounds that it is premature. SPS is still investigating this matter and developing facts. Many of SPS's denials were due to lack of sufficient information to form a belief, which is permitted under the Federal Rules of Civil Procedure. Subject to this objection and the General Objections, pursuant to Fed. R. Civ. P. 33(d), SPS has produced its business records in response to Plaintiff's First Requests for Production of Documents, and the answer to this interrogatory may be derived or ascertained from the documents produced, including those located at Bates Nos. 1-3414.

**MAGISTRATE'S DETERMINATION**: SPS's objection is sustained.

**REASON(S) TO OVERRULE**: SPS objection that the response is premature is completely

meritless. Plaintiff served her interrogatories after the scheduling order was issued in this case.

SPS assertion that it is still investigating this matter and developing facts is not a response. SPS'

must state what facts it has uncovered from its investigation of the matter. The Magistrate Judge's

determination that SPS objection be sustained is contrary to law.

**REQUEST FOR PRODUCTION**
**OF DOCUMENTS NOS. 5, 11 & 12**

**REQUEST FOR DOCUMENT NO. 5:** All documents, agreements (i.e. subscriber agreement), manuals or other recorded data, concerning your subscriber relationships with any CRA.

**SPS' ANSWER NO. 5:** SPS refers Plaintiffs to its General Objections and further objects to this Request as overly broad, unduly burdensome, not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR DOCUMENT NO. 11:** Produce the transcripts of prior depositions of your Rule 30(b)(6) Designee Witnesses in a FCRA case.[7] This request is limited to no more than five (5) of your most often used Rule 30(b)(6) Designee Witnesses and shall include the Rule 30(b)(6) Designee Witness you expect to designate in this action. This request is further limited to the years of January 2016 to present.

**SPS' ANSWER NO. 11:** SPS refers Plaintiffs [*sic*] to its General Objections and further objects to this Request as overly broad, unduly burdensome, not relevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

---

[7] Plaintiff's Document Requests mistakenly referred to FDCPA case.

**REQUEST FOR DOCUMENT NO. 12:** Produce the personnel file(s) of each of your employees and/or your agents who ever involved in the collection of Plaintiff's debt.

**SPS' ANSWER NO. 12:** SPS refers Plaintiffs [*sic*] to its General Objections and further objects to this Request as overly broad, unduly burdensome, not relevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

**MAGISTRATE'S DETERMINATION**: SPS's objection is sustained. This interrogatory seeks information that is not relevant, even under the broad standard of Rule 26. In the alternative, even if the Court assumes that the information sought is relevant, its production is not proportional to the needs of the case because its production will have no likely benefit and the discovery has no importance to the resolution of the issues in dispute in this case.

**REASON(S) TO OVERRULE**: The Magistrate Judge's determination that SPS' boilerplate objections is sustained is in contradiction to this court's holdings that boilerplate objections are insufficient. Moreover, the requested discovery is relevant and important to the resolution of the issues in dispute in this case. With respect to Request for Document 5, the Defendant SPS has asserted an affirmative defense that the credit reporting agency is responsible for any inaccurate information on Plaintiff's credit report. Therefore, the agreements and contracts between SPS and the credit reporting agencies "bear[] on, or [] reasonably could lead to other matter that could bear on" this issue. Santos, 2016 WL 6068082, at *4. Cf. Stewart, 2017 WL 3453569, at *3 ("Credit One agreeing to produce its agreement with Equifax and the court ordering Credit One to provide unredacted agreement").

As for Plaintiff's request for prior transcripts, this information is clearly within the scope of relevant discovery. Lentchner-Dorsey v. Experian, 3:05-cv-00337-JRS, 2005 U.S. Dist. LEXIS 32142, *5, Doc No. 43 (E.D. Va. Nov. 18, 2005) ("prior testimony [] may be relevant to establishing at trial prior inconsistent statements"); (ParkerVision, Inc. v. Qualcomm Inc., 2013 WL 3771226, *1 (M.D. Fla. Jul. 17, 2013) (finding prior trial testimony discoverable under Rule 26); RAF Properties, LLC v. United States Fire Insurance Company, 2012 WL 13055695, *1 (S.D. Tex. Apr. 2, 2012) (finding prior deposition testimony discoverable under Rule 26). Indeed, prior

testimony from a deposition can support a claim. <u>Spehr v. Seterus, Inc.</u>, 2019 WL 4246929 (E.D. Mo. Sep. 6, 2019) (claim based on deposition testimony from another case was cognizable)

With respect to Plaintiff's request for SPS' personnel files, this information is relevant to the extent that SPS' representative that were involved with the processing of Plaintiff's disputes are incentivized to focus on quantity over quality in the processing of disputes. And the personnel files are also relevant to extent that the SPS' representatives involved in Plaintiff's dispute have been disciplined in the past regarding their dispute processing. <u>Dorsey</u>, 3:05-cv-00337-JRS, 2005 U.S. Dist. LEXIS 32142, *5, Doc No. 43 (finding the personnel files of employees directly involved with credit disputes were discoverable "as to whether any of those individuals were eligible for some type of incentive for how they processed such complaints or whether disciplinary measures were taken for any action taken by them."); <u>Beck</u>, Case No. 1:05-cv-347, Hrg. Part. Tr. Pgs. 37-40 (discussing the relevancy of employee incentive plan that incentivizes processing disputes quickly and, in a manner, not conducive to allowing meaningful quality investigation of disputes); <u>Stewart</u>, 2017 WL 3453569, *2 ("documentation … relating to how Defendant evaluates or grades its employees responsible for responding to FCRA consumer disputes and ACDVs is not overly broad or disproportionate to the needs of the case.").

### REQUEST FOR ADMISSION NOS. 5 – 9

**REQUEST FOR ADMISSION NO. 5:** Admit that you understood the nature and basis of Plaintiff's dispute(s) that you received in November 2018 and March/April 2019.

**SPS' ANSWER NO. 5:** Denied as stated. The phrase "nature and basis" is vague and overly broad. Furthermore, the November 2018 and March 2019 dispute letters speak for themselves.

**REQUEST FOR ADMISSION NO. 6:** Admit that you understood the notice of dispute from November 2018 to mean Plaintiff disputed that account was Open and had a balloon payment due in 2036.

**SPS' ANSWER NO. 6:** Denied as stated. SPS admits that the November 2018 letter, which speaks for itself, states that "[t]he account status is not 'open' and no balloon payment is due in the year 2036."

**REQUEST FOR ADMISSION NO. 7:** Admit that you understood the notice of dispute from March or April 2019 to mean Plaintiff disputed that balance, past due balance and balloon payment due in 2036.

**SPS' ANSWER NO. 7:** Denied as stated. SPS admits that the March 2019 letter, which speaks for itself, states "STOP reporting that the debt has a balance of $329,928 with a past due balance of $25,806 and a balloon payment of $220,580 due in July 2036."

**REQUEST FOR ADMISSION NO. 8:** Admit that you understood the notice of dispute(s) to mean Plaintiff believed that the status of her account should be reported as paid.

**SPS' ANSWER NO. 8:** Denied as stated. SPS cannot possibly know what the Plaintiff "believed" about the account. SPS admits that the March 2019 letter, which speaks for itself, states that the SPS debt was "paid in full and should be reported with a $0.00 balance."

**REQUEST FOR ADMISSION NO. 9:** Admit that you understood the notice of dispute(s) to mean Plaintiff believed that the account was closed with a balance of $0.00.

**SPS' ANSWER NO. 9:** Denied as stated. SPS cannot possibly know what the Plaintiff "believed" about the account. SPS admits that the March 2019 letter states that the SPS debt was "paid in full and should be reported with a $0.00 balance."

**MAGISTRATE'S DETERMINATION**: SPS's answer is sufficient to comply with the dictates of Fed. R. Civ. P. 36(a)(4).

**REASON(S) TO OVERRULE**: Fed. R. Civ. P. 36(a)(4) dictates that "the answering party must either admit the matter requested or … specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Webb, 2013 WL 5442423, at *15 (citation omitted). Defendant failed to admit or *specifically* deny the request. Instead, SPS provided evasive answers. More particularly, SPS asserted that the request was "Denied as stated" and that the documents speak for themselves. This is not a sufficient response under Rule 36. McCray v. Allstate Insurance Company, 2015 WL 6408048 (D.S.C. Oct. 22, 2015) (party ordered to provide "straightforward answer" after answering "Denied as stated" and that the document "speaks for itself").[8] Frontier-

---

[8] Solomon v. East Penn Manufacturing Co., Inc., 2018 WL 1740530, *5 (E.D. Pa. Apr. 11, 2018) (finding a response as "denied as stated" to be inadequate); Perry v. Sims, 2018 WL 4680215, *1-2 (S.D. Ind. Sep. 28, 2018) (deeming request admitted after party answered "Denied as stated")SPS' objection and response to Request 5 "fail[s] to comply with Rule 36 because '[u]nder the plain language of the rule, a party must either lodge an objection or an answer to a request, but cannot do both.'" Warren v. Sessoms & Rogers, P.A., 2012 WL 13024154, *6 (E.D.N.C. Nov. 26, 2012) quoting Poole v. Textron, Inc, 192 F.R.D. 494, 499 (D. Md. 2000). "Further, there is nothing inappropriate about Defendant seeking a request for admission based on [SPS'] personal belief." Ball-Rice, 2013 WL 2299725, at *3. "Any matter within the general scope of discovery is appropriate for a request for admission, including a party's opinions." Id. citing Fed.R.Civ.P. 36(a)(1).

<u>Kemper Constructors, Inc. v. Elk Run Coal Co.</u>, 246 F.R.D. 522, 532 (D. Md. 2007) ("Plaintiff's

objection, that "[t]he referenced document speaks for itself," is textbook "folklore" and is not in

compliance with Rule 36.")

## REQUEST FOR ADMISSION NO. 10

**<u>REQUEST FOR ADMISSION NO. 10</u>:** Admit that Plaintiff made a payment that satisfied the debt in full.

**<u>SPS' ANSWER NO. 10</u>:** Denied as stated. SPS admits that the debt was "satisfied via sale of the subject property with a closing date of November 30, 2015."

**<u>MAGISTRATE'S DETERMINATION</u>**: SPS's answer is sufficient to comply with the dictates of Fed. R. Civ. P. 36(a)(4).

**<u>REASON(S) TO OVERRULE</u>**: SPS' response to this request was that it was "Denied as stated" but that it was admitted that the debt was satisfied. This is neither a clear denial nor admission. Thus, SPS failed to comply with Rule 36(a)(4).        .

## REQUEST FOR ADMISSION NOS. 11 & 18 – 20

**<u>REQUEST FOR ADMISSION NO. 11</u>:** Admit that you did not report Plaintiff's payment that satisfied the debt in full.

**<u>SPS' ANSWER NO. 11</u>:** Denied as stated. SPS was and is unable to provide information to the Credit Reporting Agencies unless and until Plaintiff sends a letter requesting removal of the bankruptcy discharge credit reporting suppression to the bankruptcy court. SPS can only resume reporting to the Credit Reporting Agencies after receiving a reaffirmation agreement.

**<u>REQUEST FOR ADMISSION NO. 18</u>:** Admit that you did not notate the account as disputed.

**<u>SPS' ANSWER NO. 18</u>:** Denied as stated. SPS was and is unable to provide information to the Credit Reporting Agencies unless and until Plaintiff sends a letter requesting removal of the bankruptcy discharge credit reporting suppression to the bankruptcy court. SPS can only resume reporting to the Credit Reporting Agencies after receiving a reaffirmation agreement.

**<u>REQUEST FOR ADMISSION NO. 19</u>:** Admit that you did not put an XB code on the ACDV you received from the CRA.

**<u>SPS' ANSWER NO. 19</u>:** Denied as stated. SPS was and is unable to provide information to the Credit Reporting Agencies unless and until Plaintiff sends a letter requesting removal of the bankruptcy discharge credit reporting suppression to the bankruptcy court. SPS can only resume reporting to the Credit Reporting Agencies after receiving a reaffirmation agreement.

**REQUEST FOR ADMISSION NO. 20:** Admit that you did not put an XC code on the ACDV you received from the CRA.

**SPS' ANSWER NO. 20:** Denied as stated. SPS was and is unable to provide information to the Credit Reporting Agencies unless and until Plaintiff sends a letter requesting removal of the bankruptcy discharge credit reporting suppression to the bankruptcy court. SPS can only resume reporting to the Credit Reporting Agencies after receiving a reaffirmation agreement.

**MAGISTRATE'S DETERMINATION**: SPS's answer is sufficient to comply with the dictates of Fed. R. Civ. P. 36(a)(4).

**REASON(S) TO OVERRULE**: SPS' response to this request was that it was "Denied as stated", which is evasive in of itself, but then SPS provides an explanation or narrative (unsolicited) as to why it is unable to provide information.[9] SPS' response is improper because SPS is to either admit or deny, or provide reasons for why it cannot admit or deny. Fed. R. Civ. P. 36(a)(4); Webb, 2013 WL 5442423, at *15, supra. SPS has not done that. Instead, SPS provide unclear, evasive answers. In McCray, the defendant provided a similar type of evasive response and the court directed the defendant to provide a clear and straightforward answer.

> Plaintiff's Request to Admit number 7 states: "Admit Jose W. Valle had no authority to make any offers of judgment on behalf of Allstate." (Doc. # 49–1 at 19). Defendant Allstate answered: "Denied as stated. While Jose W. Valle had no authority to make any offers of judgment on behalf of Allstate, he did have the authority to make offers of judgment on his own behalf." (Doc. # 49–1 at 20). Defendant Allstate's response is not sufficiently clear. Defendant Allstate is directed to provide Plaintiff with an amended clear and straightforward answer to Request to Admit number 7. See Fed.R.Civ.P. 36(a)(6).

McCray, 2015 WL 6408048, at *1;

Being that SPS has admitted the debt was satisfied and the ACDVs it produced indicate that SPS did not mark the debt as disputed, the court should deem the requests as admitted. Lynn, 385 F.R.D. at 263 ("If a party's answers are 'evasive or fail to respond to the substance of

---

[9] "Answers that appear to be non-specific, evasive, ambiguous and appear to go to the accuracy of the requested admission rather than the essential truth contained therein are impermissible and must be amended. Moreover, a response that a request is "denied as stated" is inadequate. Id. at *2-3. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." Solomon, 2018 WL 1740530, *5 (internal quotations omitted).

the question, and the evidence establishes that the request should have been admitted,' the request should have been admitted,' the Court may deem the matter admitted.") (citing <u>Crosby</u>); <u>U.S. E.E.O.C.</u>, 2011 WL 5375044, at *2 (same).

## IV.   MAGISTRATE JUDGE SULLIVAN'S GRANTING OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER WAS CLEARLY ERRONEOUS AND CONTRARY TO LAW.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, by requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed in a specified way. <u>See</u> <u>Webb v. Green Tree Servicing, LLC</u>, 283 F.R.D. 276, 278 (D. Md. 2012). Thus, to satisfy Fed R Civ Proc 26(c)(1)(G), the movant must show that: (1) the interest for which the protection is sought is an actual trade secret or other confidential business information that is protected under the rule; and (2) there is good cause for the entry of the protective order. <u>See</u> <u>e.g.</u>, <u>In</u> <u>re</u> <u>C.R. Bard, Inc. Pelvic Repair Systems Product Liability Litigation</u>, 2014 WL 1660386, *4 (S.D. W. Va. Apr. 22, 2014).

"To obtain a protective order under Rule 26(c), the party resisting discovery must establish that the information sought is covered by the rule and that it will be harmed by disclosure." <u>In re Wilson</u>, 149 F.3d 249, 252 (4th Cir. 1998). "The party seeking protection bears the burden of establishing both the confidentiality of the material and the harm associated with its disclosure." <u>Bard</u>, 2014 WL 1660386, at *4 citing <u>Deford v. Schmid Prods. Co.</u>, 120 F.R.D. 648, 653 (D. Md. 1987); <u>Webb</u>, 283 F.R.D. at 278-79 (citing <u>Minter v. Wells Fargo Bank, N.A.</u>, 258 F.R.D. 118, 124 (D. Md. 2009); then citing <u>Ayers v. Continental Cas. Co.</u>, 240 F.R.D. 216, 221 (N.D.W.Va.2007). Vague and conclusory allegations of burden are insufficient to justify denial of relevant discovery. <u>Webb</u>, 283 F.R.D. at 279 ("[T]he moving party 'may not rely upon stereotyped and conclusory statements…. Instead, the movant "must present a particular and specific demonstration of fact as to why a protective order should issue…. Broad allegations of harm,

unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing. Thus, the standard for issuance of a protective order is high.") (quotations and citations omitted); Wymes v. Randolph v. PowerComm Construction, Inc., 2013 WL 11327605, *2 (D. Md. Sep. 9, 2013); Lusbader, 2012 WL 181936, at *3 (D. Md. May 16, 2012); Baron Fin. Corp. v. Natanzon, 240 F.R.D. 200, 202 (D. Md. 2006)) (noting that Rule 26(c)'s good cause requirement "creates a rather high hurdle" for the moving party.)

Importantly, the "mere fact that responding to a discovery request will require [a party] to expend considerable time, effort and expense consulting, reviewing and analyzing huge volumes of documents and information is an insufficient basis to object to a relevant discovery request." Columbia Chemicals Company v. AIG Specialty Insurance Company, 2015 WL 12755711 (N.D. W. Va. Sep. 18, 2015) quoting Cappetta v. GC Services Ltd. Partnership, 2008 WL 5377934 (E.D. Va. Dec. 24, 2008).[10] Further, "while the Court has the authority to grant such a request, it is disinclined to interfere with litigation strategy of counsel unless it is shown to cause undue burden." Minter v. Wells Fargo Bank, N.A., 258 F.R.D. 118, 127 (D. Md. 2012).

### DEPOSITION TOPICS NOS. 8, 14 & 20

Magistrate Judge Sullivan disallowed any inquiry into the employment or disciplinary file of SPS employees. ECF Doc No. 90, Pg. 5 (addressing topics 8, 14, 20). The Magistrate Judge's determination was clearly erroneous under Rule 26(c), which governs protective orders, as the Defendant made no showing that information sought to be protected was a trade secret or confidential material. See Webb, 283 F.R.D. at 278; Bard, 2014 WL 1660386, at *4. Indeed, SPS must establish that "the information sought is covered by the rule and that it will be harmed by disclosure." In re Wilson, 149 F.3d at 252. Not only did the Defendant fail to show the information

---

[10] Under federal law, the party responsible for production generally bears the cost. Clever View Investments, Ltd. v. Oshatz, 233 F.R.D. 393, 394 (S.D.N.Y. 2006) (citing Zubulake v. UBS Warburg, LLC, 216 F.R.D. 280, 283 (S.D.N.Y. 2003) (citing Federal Rule of Civil Procedure ("FRCP") 26(b)(1) and (2)).

was confidential, the Defendant did not demonstrate it would suffer any harm. Webb, 283 F.R.D. at 279 ("[T]he moving party 'may not rely upon stereotyped and conclusory statements…. Instead, the movant "must present a particular and specific demonstration of fact as to why a protective order should issue…. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing. Thus, the standard for issuance of a protective order is high.").

Similarly, Defendant failed to establish that requested discovery should be limited under Rule 26. Specifically, Defendant has put forth no evidence that it would suffer any, let alone undue burden, of having to provide testimony to SPS' employment and disciplinary files. See Freeman, 2012 WL 3536752, *5 ("Plaintiff has not shown that the burden of allowing Defendant to take a 30(b)(6) deposition of Plaintiff would 'outweigh[ ] its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.") (quoting Fed.R.Civ.P. (26)(b)(2) (C)(iii)).

Because the Defendant has not shown that it would suffer *any* burden, see Freeman, 2012 WL 3536752, *5, supra, and Plaintiff has established that the employment and disciplinary files are relevant and important to resolving issues in this case, see e.g., Dorsey, 3:05-cv-00337-JRS, 2005 U.S. Dist. LEXIS 32142, *5, Doc No. 43 (finding the personnel files of employees were relevant for determining whether furnisher provided incentive for how employees processed complaints and whether disciplinary measures were taken for any action taken by them), the Magistrate Judge's determination that such testimony is disallowed is clearly erroneous and contrary to law.

## DEPOSITION TOPICS NOS. 26 – 29

Magistrate Judge Sullivan determined that Plaintiff would be disallowed from pursuing line of inquiry as to the identity of employees with knowledge of SPS policies for notating disputed

debts as disputed, the training of employees with respect to notating disputed accounts as disputed, and SPS response to lawsuits (i.e. Ballanger v. SPS 4:15cv00252 (S.D. Iowa) relating to SPS failure to conduct a reasonable investigation and report accurate information, including reporting disputed debts as disputed following policies. The Magistrate Judge disallowed such inquiry on the basis that "Plaintiff has not established that the likely benefit of these topics outweighs the burden on SPS." ECF Doc No. 90, Pg. 6. This determination was clearly erroneous for there is no evidence to support the Magistrate Judge's finding that Defendant faced any burden in providing the information. See Freeman, 2012 WL 3536752, *5 ("When a 'party claim[s] that a discovery request is unduly burdensome,' that party 'must allege specific facts that indicate the nature and extent of the burden, usually by affidavits or other reliable evidence. A conclusory assertion of burden and expense is not enough.' ") (quoting Tucker, 191 F.R.D. at 498).

Moreover, the benefit of these topics is that the Plaintiff can obtain evidence tending to prove that SPS had prior knowledge that its policies, procedures and practices were inadequate for compliance with the FCRA, 15 U.S.C. § 1681s-2(b)(1), however, SPS took no corrective actions and thus, its violations were willful, intentional or reckless. Jones v. Equifax, Inc., 2015 WL 5092514, *3 (E.D. Va. Aug. 27, 2015) ("courts have found a plaintiff sufficiently pleads willfulness or recklessness when he or she asserts that a defendant has repeatedly violated FCRA or was aware of FCRA's requirements but failed to comply.").

## DEPOSITION TOPICS NOS. 32 – 44

Magistrate Judge Sullivan disallowed topics concerning the identities, training, employment files for employees involved with disputes that were the subject to Ballanger v. SPS and Williams v. SPS, Case No. 18cv06015 (N.D. Illinois), settlement amount in Ballanger and Williams, modifications to policies and procedures following Ballanger and Williams. ECF Doc No. 90, Pg. 6. The Magistrate Judge disallowed such inquiries on the basis that "Plaintiff has not established that the likely benefit of these topics outweighs the burden on SPS." This determination

was clearly erroneous for there is no evidence to support the Magistrate Judge's finding that Defendant faced any burden in providing the information.[11] See Freeman, 2012 WL 3536752, *5, supra. Moreover, the likely benefit of such topics is that Plaintiff will obtain evidence that SPS has not taken any action to correct its inadequate policies and procedures after receiving notice from Ballanger and Williams that its policies, procedures and practices were not in compliance with the FCRA, 15 U.S.C. 1681s-2(b)(1). Jones v. Equifax, Inc., 2015 WL 5092514, at *3, supra.

### DEPOSITION TOPICS NOS. 55 – 56

Magistrate Judge Sullivan disallowed topics concerning SPS systems and processes for furnishing information to the credit reporting agencies because "Plaintiff has not established that the likely benefit of these topics outweighs the burden on SPS." ECF Doc No. 90, Pg. 6. This determination was clearly erroneous for there is no evidence to support the Magistrate Judge's finding that Defendant faced any burden in providing the information. See Freeman, 2012 WL 3536752, *5, supra. Moreover, the likely benefit of such topics is that Plaintiff will obtain evidence that SPS reported inaccurate information to the credit reporting agencies and was responsible for the inaccurate SPS tradeline.

### DEPOSITION TOPICS NO. 65

Magistrate Judge Sullivan disallowed this topic concerning SPS records concerning information it furnished to credit reporting agencies on the basis that it is too vague. ECF Doc No. 90, Pg. 6. This determination is clearly erroneous for this request is not vague and is not clearly covered under another topic

### DEPOSITION TOPICS NOS. 75 – 76

Magistrate Judge Sullivan disallowed these two topics concerning SPS payoff department and its' communications with SPS credit reporting department on the basis that the "discovery is

---

[11] It appears the Magistrate Judge included topic 44 – identities of persons responsible for implementing policies regarding bankruptcy – by mistake. See ECF Doc No. 90, Pg. 6 (allowing related topic 45)

[not] relevant." ECF Doc No. 90, Pg. 6. This determination is contrary to law. The Fourth Circuit has held that a furnisher must consult its own records when investigating a consumer's dispute. Daugherty v. Ocwen Loan Servicing, LLC, 701 F.App'x 246, 253 (4th Cir. 2017) ("determination whether a furnisher's investigation was 'reasonable' is based on an evaluation of information within the furnisher's possession, such as correspondence between the consumer and the furnisher, the data identified by the reporting agency as disputed, and the *furnisher's other records relating to the disputed account*.") (emphasis added). Because Plaintiff paid off her loan and obtain a payoff in the process of paying off her loan, the payoff department may contain records that SPS should have consulted during its investigation of Plaintiff's disputes.

## DEPOSITION TOPICS NOS. 78 – 81

Magistrate Judge Sullivan disallowed topics concerning loss mitigation department and the communications from loss mitigation department with credit reporting department on the basis that "Plaintiff has not established that the likely benefit of these topics outweighs the burden on SPS." ECF Doc No. 90, Pg. 6. This determination is clearly erroneous and contrary to law. There is no evidence in the record to support the Magistrate Judge's finding that SPS faced any burden in providing the information. See Freeman, 2012 WL 3536752, *5, supra. Further, the Fourth Circuit has held that a furnisher must consult its own records when investigating a consumer's dispute. Daugherty, 701 F.App'x at 253 ("determination whether a furnisher's investigation was 'reasonable' is based on an evaluation of information within the furnisher's possession, such as correspondence between the consumer and the furnisher, the data identified by the reporting agency as disputed, and the *furnisher's other records relating to the disputed account*.") (emphasis added). Because Plaintiff's loan was handled by SPS' loss mitigation department, SPS may have been required to consult with loss mitigation records during its investigation of Plaintiff's disputes.

## DEPOSITION TOPICS NO. 84

Magistrate Judge Sullivan disallowed discovery on SPS training of its employees on the E-OSCAR system "because it is too broad and therefore disproportional to the needs of the case." ECF Doc No. 90, Pg. 6. The E-OSCAR system is used by furnishers to provide information to credit reporting agencies. Thus, SPS' training of its employees on the E-OSCAR system "bears on, or [] reasonably could lead to other matter that could bear on" Plaintiff's claim that SPS negligently and willful reporting inaccurate information. <u>Santos</u>, 2016 WL 6068082, at *4.

## DEPOSITION TOPICS NOS. 86 – 88

Magistrate Judge Sullivan disallowed discovery on SPS' personnel and representatives who furnish information on behalf of SPS and SPS furnishing of information regarding accounts that have been paid in full and accounts discharged in bankruptcy because the "information is not relevant or proportional to the needs of the case." ECF Doc No. 90, Pg. 7. The Magistrate Judge's determination is clearly erroneous and contrary to law for SPS reporting on account that have been discharged and accounts that have been paid in full are relevant to Plaintiff's claim because Plaintiff's account was discharged in bankruptcy and subsequently paid in full.

## DEPOSITION TOPICS NOS. 91 – 94

Magistrate Judge Sullivan disallowed discovery on complaints filed against SPS' by other consumers on the basis that "Plaintiff has not established that the likely benefit of these topics outweighs the burden on SPS." ECF Doc No. 90, Pg. 7. The Magistrate Judge's determination is clearly erroneous for it is Defendant's burden to establish there is a burden, <u>Webb</u>, 283 F.R.D. at 278 ("The party moving for a protective order bears the burden of establishing good cause.") and Defendant failed to provide anything more than conclusory allegations of burden. <u>Id</u>. at 279 ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing. Thus, the standard for issuance of a protective order is high.").

Furthermore, the Magistrate Judge's determination was contrary to law because the courts have recognized the benefits of obtaining testimony and evidence on FCRA defendant prior

lawsuits because it is probative on the defendant's notice or knowledge of its inadequate policies, procedures and practices. See <u>Faile v. Equifax Info. Serv.</u>, Civ. No. 3:06cv617, ECF Doc No. 102 (E.D. Va. June 8, 2007) ("[I]n response to Interrogatory 17 and as applied by the Court, Equifax shall produce a witness (or witnesses), pursuant to Fed. R. Civ. P. 30(b)(6), to testify about Equifax's knowledge of the following judicial decisions, and about what, if anything, Equifax did in response to them") (citing cases); <u>Montelongo v. TransUnion, L.L.C.</u>, 308 F.R.D. 132, 133-34 (E.D. Pa. 2015) (ordering production of witness to testify regarding the number of mixed file complaints filed against Experian in past 5 years as number of disputes regarding mixed files); <u>Brenner v. Equifax Info. Services, L.L.C.</u>, 2011 WL 13072225 (N.D. Ala. Sept. 30, 2011) ("The court finds that evidence about other lawsuits may be relevant to Plaintiff's effort to show willful conduct and, therefore, disagrees with Equifax that the burden of producing such discovery outweighs the utility Plaintiff may derive from the information.")

## **CONCLUSION**

WHEREFORE, Plaintiff, Velma Melton, requests that the Court OVERRULE Magistrate Judge Sullivan's  ORDER Denying Plaintiff's Motion to Compel and enter an Order Granting Plaintiff's Motion to Compel and OVERRULE Magistrate Judge Sullivan' ORDER Granting In Part Defendant Select Servicing Portfolio, Inc.'s Motion for Protective Order and enter an Order Denying Defendant's Motion for Protective Order.

Respectfully submitted,

*/s/ Kevin Williams*
Kevin Williams, Esq., No. 18072
Law Office of Kevin Williams, LLC
8403 Colesville Road, #1100
Silver Spring. MD 20910
Tel: (301) 399-1700
Email: kevin@kwesquire.com

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
***for* THE DISTRICT OF MARYLAND**

VELMA M. MELTON

    Plaintiff,

                                    Case No. 8:19-cv-00209-TDC

v.

SELECT PORTFOLIO SERVICING, INC. *et al*.,

    Defendant.

## **ORDER**

    Upon consideration of Plaintiff's Objection to Magistrate Judge's Order, the opposition by Defendant to this objection, and any subsequent reply by Plaintiff, on this _____ day of _____ 2019, it is hereby,

    ORDERED, that Magistrate Judge's Order is SET ASIDE; and

    IT IS FURTHER ORDERED, that Plaintiff's Motion to Compel is GRANTED; and

    IT IS FURTHER ORDERED, that Defendant's Protective Order is DENIED IN FULL.

    IT IS SO ORDERED.


Date: _____                _____

                                          Honorable Theodore D. Chuang
                                        Judge, U.S. District Court of Maryland

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 12, 2019, I served PLAINTIFF VELMA MELTON'S

OBJECTIONS TO MAGISTRATE JUDGE SULLIVAN'S 10/28/19 ORDER *via* ECF/CM to:

        Mary S. Diemer, Esquire
        Nelson, Mullins, Riley & Scarborough LLP
        101 Constitution Avenue, N.W., Suite 900
        Washington, DC 20006
        <u>mary.diemer@nelsonmullins.com</u>
        Counsel for Defendant


        /s/_____
        Kevin Williams