IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| VELMA M. MELTON,<br><br>　　　Plaintiff,<br><br>　　　　　vs.<br><br>SELECT PORTFOLIO SERVICING, INC., *et al.*,<br><br>　　　Defendants. | Case No. 8:19-cv-00209-TDC |

## JOINT DISCOVERY PLAN

Pursuant to the Court's Orders of July 31 and December 17, 2019 (Docs. 66, 102) directing the filing of a discovery plan and proposed schedule, the parties—Plaintiff Velma Melton ("Melton") and Defendants Sterling Jewelers Inc. ("Sterling") and Select Portfolio Servicing, Inc. ("SPS")—consulted over email on December 17, 2019 and thereafter to formulate a plan that proposes a schedule for discovery related to Sterling and for expert discovery. In accordance with the Court's Orders, the parties are in agreement as to the scope and timeline for discovery and state the following as their joint discovery plan and proposed schedule:

　　　1.　　Melton's Discovery Responses to Date. Melton will deliver to Sterling, by **January 3, 2020**, copies of all of her previously-served discovery responses and supplemental discovery responses that have been exchanged to date in this action in response to a discovery request. Such discovery responses should include all her objections and answers to interrogatories, objections and responses to requests for admission, and objections and responses to requests for production (together with any documents produced) that have been served on any one defendant in this action. Previously-served discovery responses may be shared with Sterling via email, with materials

1

attached in a legible "portable document format" (.pdf) or other form of electronic file. If transmission of voluminous materials as an email attachment is impractical, then those materials can be delivered to Sterling using other economical means (such as by compact disc or a secure filesite link) as agreed to between the parties. Filenames for electronic records should be clear (and, where appropriate, use commonly recognized acronyms or abbreviations) to apprise the reader of its subject matter and content.

      2.    <u>Melton's Rule 45 Subpoenas to Date</u>. Melton will deliver to Sterling and SPS, by **January 3, 2020**, copies of all documents, electronically-stored information, or tangible things that have been produced to Melton to date, in response to a Rule 45 subpoena she or the Court Clerk issued in this action, from any party or nonparty. Any responsive materials delivered to Sterling and SPS should include a copy of the underlying subpoena that compelled production. The parties further agree that material may be shared with Sterling and SPS in the same manner as that contemplated in paragraph 1 above.

      3.    <u>SPS's Rule 45 Subpoenas to Date</u>. SPS will deliver to Sterling, by **January 3, 2020**, copies of all documents, electronically-stored information, or tangible things that have been produced to SPS to date, in response to a Rule 45 subpoena it or the Court Clerk issued in this action, from any party or nonparty. Any responsive materials delivered to Sterling should include a copy of the underlying subpoena that compelled production. The parties further agree that material may be shared with Sterling in the same manner as that contemplated in paragraph 1.

      4.    <u>Other Written Discovery Served or Exchanged to Date</u>. The parties agree to cooperate and share any other written discovery served or exchanged to date (whether interrogatories, requests for production, requests for admission, compulsory discovery-related process, or the responses or productions thereto), as necessary or requested.

5. <u>Discovery of ESI between Melton and Sterling</u>. Melton and Sterling agree that electronically-stored information ("ESI") should not be extensive. Should ESI be sought by one or both parties, the parties agree to be economical, cost-efficient, proportionate, and judicious with any ESI discovery requests to keep ESI discovery costs and resulting attorneys' time and fees at a minimum. Consistent with this goal, the parties agree to review suggested principles for ESI discovery, which are available at https://www.mdd.uscourts.gov/sites/mdd/files/ESI-Principles.pdf (last visited Dec. 17, 2019). Production of any ESI may be made by producing the documents or information in electronic or printed form, unless electronic form is requested in relation to a particular request. Documents produced in electronic form shall be produced in the format selected by the producing party, unless agreed otherwise by counsel before production. All ESI will bear unique page identifiers or "Bates-stamped" numbering, which must be placed on each document so that it does not obliterate, conceal, or interfere with the content and information of the source document, unless impractical (as is the case with any native file production).

6. <u>Expert Discovery</u>. The parties believe expert discovery may be necessary, and they have discussed the sequence and timing for expert disclosures. The parties wish to have sufficient time to make competent expert disclosures. Given the stay of discovery as to Sterling, the parties are also mindful of the amount of time Melton and SPS have had to identify or work with expert witnesses in comparison to Sterling. To give adequate time for all, the parties stipulate and agree that the ordinary timing for expert disclosures under Federal Rule of Civil Procedure 26(a)(2) should be altered. Accordingly, the parties agree that Melton will make her expert disclosures and provide any written reports contemplated by Fed.R.Civ.P. 26(a)(2) no later than **April 24, 2020**. SPS and Sterling will serve their expert disclosures and provide any written reports contemplated by Fed.R.Civ.P. 26(a)(2) no later than **June 24, 2020**. To the extent necessary, rebuttal disclosures

are due no later than **July 8, 2020**, with any supplementation of disclosures and responses required under Fed.R.Civ.P. 26(e)(2) due no later than **September 14, 2020**.

      7.      Fact Discovery.

           a.      Related to Melton and SPS: The parties agree that fact discovery related to Melton and SPS has closed, except as otherwise ordered by the Court in recognition of the pending exceptions and motions that may effect or require an adjustment to the Melton/SPS discovery deadline.

           b.      Related to Melton and Sterling: The parties agree that all discovery to be undertaken, as related to Melton and Sterling, will commence upon the Court's adoption of this discovery plan and finish by **September 28, 2020**. On the day of this discovery deadline, the parties shall file a status report covering the matters reflected in Part V of the Court's original Scheduling Order of April 15, 2019 (Doc. 33).

      8.      Settlement/ADR Conference. The parties will cooperate to schedule a settlement conference before a magistrate judge, or private mediation before a mediator, if a settlement conference or mediation session would appear beneficial as the case proceeds. At this time, the parties agree to make any joint requests for an early settlement/ADR conference with a magistrate judge by **February 24, 2020**, with the understanding that this request will not postpone discovery unless otherwise ordered.

      9.      Proposed Scheduling Order Deadlines. Consistent with the foregoing, the parties propose that the following disclosures, motions, requests, or events be taken by the below-mentioned dates:[1]

---

[1] The current scheduling order deadlines are listed herewith for the Court's reference and convenience.

| EVENT | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Joint request for early settlement/ADR conference (This request will not postpone discovery unless otherwise ordered.) | None | **2/24/20** |
| Plaintiff's Rule 26(a)(2) expert disclosures | Stayed | **4/24/20** |
| Defendant's Rule 26(a)(2) expert disclosures | Stayed | **6/24/20** |
| Plaintiff's rebuttal Rule 26(a)(2) expert disclosures | Stayed | **7/8/20** |
| Rule 26(e)(2) supplementation of disclosures and responses | 10/4/19 | **9/14/20** |
| Completion of Discovery; submission of Post-Discovery Joint Status Report, *see* Part V (ECF No. 36) | 10/28/19 | **9/28/20**[*] |
| Requests for admission | 11/4/19 | **10/5/20**[*] |
| Notice of Intent to File a Pretrial Dispositive Motion, *see* Case Management Order Part II.A (ECF No. 3) | 12/12/19 | **11/11/20** |

Unless the Court wishes to hold a hearing on this matter, the parties respectfully request that the Court adopt this joint discovery plan and enter a scheduling order that reflects the above proposed dates.

---

[*] The proposed deadlines bearing an asterisk apply only to the discovery schedule related to Melton and Sterling.

Dated: December 18, 2019                    Respectfully submitted,

/s/Kevin C. Williams
Kevin C. Williams (Bar #18072)
Law Office of Kevin Williams LLC
8403 Colesville Road, #1100
Silver Spring, MD 20910
Tel.: (301) 399-1700
kevin@kwesquire.com
*Counsel for Plaintiff*

/s/Alfred D. Carry
Alfred D. Carry (Bar #20711)
McGlinchey Stafford PLLC
1275 Pennsylvania Avenue NW, Suite 420
Washington, DC 20004
Tel.: (202) 802-9999
Fax: (202) 330-5897
acarry@mcglinchey.com
*Counsel for Defendant Sterling Jewelers Inc.*

/s/Mary S. Diemer
Mary S. Diemer (Bar #12328)
Nelson, Mullins, Riley & Scarborough LLP
101 Constitution Avenue NW, Suite 900
Washington, DC 20001
Tel.: (202) 712-2800
Fax: (202) 712-2860
mary.diemer@nelsonmullins.com
*Counsel for Defendant*
*Select Portfolio Servicing, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served on this 18th day of December, 2019 through the Court's CM/ECF system, which will send notification of this filing to all counsel of record.

/s/Alfred D. Carry
Alfred D. Carry (Bar #20711)