## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND

**VELMA M. MELTON,**

                                    Plaintiff,

      vs.

**SELECT PORTFOLIO SERVICING,
INC.** *et al.***,**

                                    Defendants.

Case No. 8:19-cv-00209-TDC

## DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S
## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Defendant Select Portfolio Servicing, Inc. ("SPS") respectfully submits this response in opposition to Plaintiff Velma Melton's ("Plaintiff") motion for sanctions (Dkt. No. 109). Inexplicably, Plaintiff filed the instant motion for sanctions despite losing her motion to compel (Dkt. No. 82) and after SPS prevailed on its motion for protection from Plaintiff's improper three-day deposition notice containing 94 topics (Dkt. No. 81). This is Plaintiff's fourth filing related to a discovery dispute that she self-engineered. (*See* Dkt. Nos. 82, 92, 109, & 110). Plaintiff's motive appears aimed at driving up litigation costs with the hopes of leveraging those costs for an increased settlement offer rather than for any legitimate purpose under the Federal Rules of Civil Procedure. Indeed, the Court already held that SPS properly sought a protective order from the Rule 30(b)(6) deposition notice at issue, and included guidance on where the deposition was to be held. Thus, if anyone is guilty of abusing the discovery process, it is Plaintiff. She is not entitled to sanctions. Plaintiff's motion should be denied, and, pursuant to Rule 37(a)(5)(B), SPS should be awarded its costs and fees for opposing it.

1

## PROCEDURAL AND FACTUAL BACKGROUND

On August 26, 2019, Plaintiff emailed SPS' counsel a Rule 30(b)(6) deposition notice identifying ***ninety-four*** discrete topics and requesting that SPS produce ***eighteen*** categories of related documents (the "Notice").  (*See* Not. of Dep., attached as Exhibit A.)  The Notice stated that the deposition was to take place in Salt Lake City, Utah over the course of ***three days***, beginning on September 24, 2019.  (*Id.*)  While Plaintiff's counsel provided several possible dates prior to issuing the Notice, the parties had not agreed on a specific date.  (*See* Ex. B, 9/19/19 Email.)  Moreover, when the parties discussed possible dates and given the hour limits for depositions, SPS and its counsel were unaware that Plaintiff intended to schedule a three-day deposition covering ninety-four topics.  (*See, e.g.,* Order dated July 31, 2019 (Dkt. No. 66) at p. 1, note 2, referencing total deposition hour limits and stating: "Presumably, Plaintiff anticipates taking brief depositions.")

On September 18, 2019, the undersigned sent Plaintiff's counsel a letter outlining SPS' objections to the Notice, including its overly broad scope and its request to take a three-day deposition.  (Ex. C, 9/18/19 Ltr.)  The letter informed Plaintiff that SPS would seek a protective order if Plaintiff did not narrow the deposition's scope and shorten its length.  (*Id.*)  It also informed Plaintiff that SPS could not produce a witness to cover the ninety-four proposed topics on Plaintiff's unilaterally selected dates, and it proposed alternative dates along with the offer to produce a witness in Washington D.C. or Maryland at SPS' expense.  (*Id.*)  After SPS's counsel conferred with counsel for Plaintiff, she refused to make any modifications to her Notice, which forced SPS to file its motion for a protective order on September 19, 2019.  (Dkt. No. 81.)  On October 2, 2019, Plaintiff filed a motion to compel, which challenged nearly all of SPS' written discovery responses.  (Dkt. No. 82.)

On October 28, 2018, Magistrate Judge Sullivan issued an order denying Plaintiff's motion to compel and substantially granting SPS's motion for protection.  As contended by SPS, Judge Sullivan held that Plaintiff was not entitled to a three-day deposition and, instead, limited the deposition to "one day of 7 hours."  (Dkt. No. 90.)  Judge Sullivan also limited the scope of the deposition from ninety-four topics to fifty-seven.  (*Id.*)  Judge Sullivan ordered Plaintiff to confer with SPS on a mutually agreeable date for a deposition to take place in Washington, D.C.  (*Id.*)[1] SPS fully complied with Judge Sullivan's order by producing a Rule 30(b)(6) witness that was deposed on December 4, 2019.  SPS paid for its witness' travel and hotel expenses from Salt Lake City, Utah to Rockville, MD, incurring $1,076.76 for airfare, hotel, rental car and other travel expenses.

## ARGUMENT

Rule 37(d) only authorizes a Court to award sanctions to a moving party if the other party "fails, *after being served with a proper notice*, to appear for that person's deposition."  Fed. R. Civ. P. 37(d)(1)(A)(i) (emphasis added).  When a party is served with a deposition notice that it believes is improper, the Federal Rules authorize that party to file a motion for a protective order.  Fed. R. Civ. P. 26(c); *see also Proa v. NRT Mid-Atlantic, Inc.*, No. AMD-05-2157, 2008 WL 11363286, at *10 (D. Md. June 20, 2008) (holding that when a party believes a "deposition is improper, the non-moving party may ask the court for a protective order").  "Motions for protective orders may object to the timing and/or extent of the 30(b)(6) depositions."  *Id.* (quoting *Wilson v. Lakner*, 228 F.R.D. 524, 530 (D. Md. 2005).  While a motion for a protective order is pending, the party seeking protection is excused from attending the noticed deposition.  Fed. R. Civ. P. 37(d)(2)

---

[1] Judge Chuang affirmed Judge Sullivan's order on January 8, 2020.  (Dkt. No. 108.)

(stating that a "pending motion for a protective order under Rule 26(c)" is an acceptable excuse for not attending a noticed deposition); *see also Carr v. Double T. Diner*, 272 F.R.D. 431, 433 (D. Md. 2010) ("[A] party from whom discovery is sought may move for a protective order to avoid a deposition . . . .").

This District Court has made clear that the "*pendency* of a motion for protective order" excuses a party from attending a deposition regardless of when and how that motion is decided. *Columbia Gas Transmission, LLC v. 252.071 Acres, More or Less, in Baltimore County, Maryland*, No. ELH-15-3462, 2016 WL 7167979, at *2 (D. Md. Dec. 8, 2016) (emphasis in original). In *Columbia Gas*, Columbia moved for a protective order approximately one month after the defendant noticed a Rule 30(b)(6) deposition and only a few days before that deposition was scheduled to take place. *Id.* at *1. Columbia then refused to produce a witness on the date of the noticed deposition even though its motion for a protective order was still pending. *Id.* The defendant sought sanctions against Columbia for failing to attend. *Id.* at *2. Columbia opposed the request for sanctions based on the fact that it had a pending motion for protection. The Court held that "Columbia is right." *Id.* "Federal Rule of Civil Procedure 37(d)(2) excuses a party properly served with notice of a Rule 30(b)(6) deposition from appearing at the deposition if that party 'has a pending motion for protective order under Rule 26(c)." *Id.* "As such, sanctions are unwarranted." *Id.*

Here, SPS moved for a protective order prior to the deposition that Plaintiff noticed to begin on September 24, 2019. Plaintiff's counsel did not confirm the deposition date before purchasing his plane ticket. He also failed to purchase a refundable ticket even though he knew the parties had been engaged in a discovery dispute over Plaintiff's writen discovery requests since June 24, 2019. (*See* Dkt. Nos. 82, 92, 109, & 110.) The scope of the deposition Notice mirrored

the scope of Plaintiff's written discovery requests that were in dispute.  (*See* Dkt. No. 82.)   As noted by the Court, "SPS properly moved for a protective order before the date of the deposition." As such, it was excused from attending the deposition under Rule 37(d), and Plaintiff cannot recover sanctions. *See  Columbia Gas Transmission, LLC*, 2016 WL 7167979, at *2.

Moreover, Plaintiff is not entitled to sanctions under Rule 37(d) because her Notice was improper and she did not prevail against SPS' motion for protection. *See* Fed. R. Civ. P. 37(d). Plaintiff unilaterally noticed SPS' Rule 30(b)(6) deposition for September 24-26, 2019.  (Notice.) Plaintiff did not have a stipulation or court order allowing a three-day deposition.  Thus, Plaintiff's Notice violated Rule 30(d)(1), which states that "a deposition is limited to one day of 7 hours" "[u]nless otherwise stipulated or ordered by the court." Fed. R. Civ. P. 3(d)(1).  Further, in granting SPS' motion for a protective order, this Court held that there was no justification for extending the duration of the deposition beyond the one day of 7 hours allowed under the rules.  Additionally, the Court held that the Notice was overly broad, sought irrelevant information, and was not proportional to the needs of this case.  (Dkt. No. 90 at pp. 5-7.) Accordingly, it narrowed, the scope of the Notice from ninety-four topics to fifty-seven.  (*Id.* at pp. 5-7.)  Because Plaintiff's Notice was improper, she cannot recover sanctions under Rule 37(d).  Her motion should be denied.

Additionally, as noted above, this is at least Plaintiff's fourth filing related to this self-created discovery dispute.  She had no justification for seeking sanctions related to a deposition Notice that the Court shortened by two full days and narrowed from ninety-four topics to fifty-seven, especially when SPS later provided a witness, at its own cost, in the venue where Plaintiff's counsel is located, *i.e.*, Montgomery County, MD.  Plaintiff has made abundantly clear that her discovery tactics are aimed at forcing settlement rather than preparing for trial.  Because her motion for sanctions must be denied, the Court should award SPS its costs and fees for defending against

it.  Fed. R. Civ. P. 37(a)(5)(B) ("If the motion is denied, the court . . . *must*, after giving an

opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party

or deponent who opposed the motion its reasonable expenses incurred in opposing the motion,

including attorneys' fees.").

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion for sanctions and award

SPS its costs and attorneys' fees for defending against her motion.

Respectfully submitted,

January 31, 2020

*/s/ Mary S. Diemer*

Mary S. Diemer, Esquire
Federal Bar No. 12328
NELSON, MULLINS, RILEY & SCARBOROUGH LLP
E-Mail:  mary.diemer@nelsonmullins.com
101 Constitution Avenue, N.W., Suite 900
Washington, D.C. 20001
(202) 712-2800
Fax:  (202) 712-2860
*Attorneys for Select Portfolio Servicing, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 31st day of January, 2020, copies of Select Portfolio Servicing, Inc.'s Response to Motion to Compel were served by CM/ECF to all registered counsel of record and by first class U.S. Mail, postage prepaid and email to the following:

Kevin C. Williams, Esq.
Law Office of Kevin Williams, LLC
8403 Colesville Rd., Suite 1100
Silver Spring, MD 20910
Email: titlelaw@gmail.com
kevin@kwesquire.com
*Attorneys for Plaintiff*