LAW OFFICE OF **KEVIN WILLIAMS, LLC**

8403 Colesville Road, Ste 1100 • Silver Spring, MD 20910 • P: 301.399.1700 • F: 240.252.3036
kevin@kwesquire.com

November 9, 2020

**VIA ECF**

Hon. Theodore D. Chuang
U.S. District Court Judge
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

    Re:    Velma M. Melton v. Select Portfolio Servicing, Inc. et al.
              Case No.: 8:19-cv-00209-TDC

Pursuant to your Letter Order, *see* ECF No. 3, I respectfully submit this request for a pre-motion conference to discuss Plaintiff's intention to a Partial Summary Judgment motion

Partial Motion for Summary Judgment

Plaintiff seeks summary judgment on the element of accuracy. Plaintiff's credit report showed an outstanding balance on her mortgage with SPS. However, the debt was discharged in bankruptcy and subsequently paid in full. Therefore, the balance should have been reported as $0.00. Additionally, plaintiff seeks summary judgment under 15 U.S.C. § 1681s-2(b)(1)(C)-(E) for willful reporting the account with a balance. SPS' corporate designee testified that it is SPS' policy to report outstanding balances on accounts that have been fully discharged in bankruptcy.

Next, Plaintiff seeks summary judgment under 1681s-2(b)(1)(C)-(E) for Defendant's failure to mark the disputed account as disputed. Specifically, Plaintiff seeks summary judgment that the report was inaccurate because it did not report the debt was disputed and that SPS <u>willfully</u> failed to report the debt as disputed. SPS' corporate designee testified that SPS *never* marks disputed accounts as disputed in circumstances akin to Plaintiff's at the time she filed her dispute letter. The Fourth Circuit requires a furnisher to report a disputed account as disputed. <u>Saunders v. Branch Banking & Trust Co. Of VA</u>, 526 F.3d 142 (4th Cir. 2008) (finding that a furnisher's "decision to report the debt without *any* mention of a dispute was misleading in such a way and to such an extent that it can be expected to have an adverse effect"). Courts in this circuit and other circuits have found a failure to report an account as disputed should be disposed of in the plaintiff's favor at summary judgment.

Notably, in the last four years alone, at least four federal district courts have granted a plaintiff partial summary judgment under the "failure to report a debt as disputed"

theory of liability discussed herein, while reserving the issues of "mens rea" and "actual damages" for trial. See Long v. Pendrick Capital Partners, LLC, 374 F. Supp. 3d 515, 527–31, 2019 WL 1255300, at *7-9 (D. Md. 2019); Wood v. Credit One Bank, 277 F. Supp. 3d 821, 853-55 (E.D. Va. 2017); Ballinger v. Ocwen Loan Servs., LLC, No. 15-cv-252 (JAJ/HCA), Doc. No. 190 at 12-15 (S.D. Iowa Sept. 25, 2017); Vasquez-Estrada v. Collecto, Inc., No. 14-cv-1422 (ST), 2015 WL 6163971, at *5-6 (D. Or. Oct. 20, 2015); cf. Marchisio v. Carrington Mortg. Servs., LLC, 919 F.3d 1288, 1302 (11th Cir. 2019) (affirming district court's grant of partial summary judgment to plaintiff-consumer because furnisher plainly "failed to conduct a reasonable investigation" into consumer's dispute.

Hrebal v. Nationstar Mortgage LLC, 385 F.Supp.3d 849, 853 (D. Minn. 2019).

Plaintiff also seeks summary judgment on SPS' failure to report complete information. Not only is accuracy a requirement of the FCRA, but so is completeness. See 1681s-2(b)(1) ("After receiving notice … of a dispute with regard to the completeness or accuracy of any information" a furnisher must investigate the dispute) (emphasis supplied). SPS testified that it knew Plaintiff had made a payment in November 2015 to pay off the debt but did not include the payment in its reporting because of its policy for reporting accounts in bankruptcy. Therefore, SPS' policy prevented SPS from reporting Plaintiff's complete payment history on the account.

Sincerely,

*/s/ Kevin Williams*
Kevin Williams, Bar #18072
Law Office of Kevin Williams LLC
8403 Colesville Road, #1100
Silver Spring, MD 20910
Tel: (301) 399-1700
E-mail: kevin@kwesquire.com

*Counsel for Plaintiff*