UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JILLYN K. SCHULZE  
UNITED STATES MAGISTRATE JUDGE

6500 CHERRYWOOD LANE  
SUITE 400  
GREENBELT, MARYLAND 20770  
(301) 344-0630

December 4, 2020

**FILED VIA CM/ECF**

Kevin Charles Williams, Esq.  
Mary S. Diemer, Esq.

    Re:    *Melton v. Select Portfolio Services, Inc., et al.*  
           Civil Action No. TDC-19-0209

Dear Counsel:

This case is scheduled to begin telephone and/or email settlement negotiations during the two-week period beginning January 11, 2021. Our schedule will be flexible, but please ensure that your client is available to consult with you and possibly to participate in a conference call with me at some point. I will contact you to begin the process after I have reviewed your letters as described below. Since most of us are working remotely, it would be helpful if you could provide me with a direct number where you can be reached during the day.

No later than January 4, 2021, I would like to receive from each party a short letter candidly setting forth the following:

1. Facts you believe you can prove at trial;
2. The major weaknesses in each side's case, both factual and legal;
3. An evaluation of the maximum and minimum damage awards you believe likely;
4. The history of any settlement negotiations to date; and
5. Estimate of attorney's fees and costs of litigation through trial.

Please submit *ex parte* letters by email to MDD_JKSchambers@mdd.uscourts.gov. The letters will be solely for my use in preparing for the settlement conference. I also will review the pleadings in the court file. Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify. If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[1]

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d); Local Rule 607.4.

---

[1] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.

*Melton v. Select Portfolio Services, Inc., et al.*
Civil Action No. TDC-19-0209
Page 2

      Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

                                                    Very truly yours,

                                                   /s/
                                                Jillyn K. Schulze
                                                United States Magistrate Judge

cc:      Judge Chuang
          Court File